758 F.2d 652
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
HORACE E. BATSON, PETITIONER-APPELLANT,
v.
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT-APPELLEE.
 NO. 84-1083
 United States Court of Appeals, Sixth Circuit.
 2/11/85
 
 ON APPEAL FROM THE UNITED STATES TAX COURT
 BEFORE: WELLFORD and MILBURN, Circuit Judges, and HILLMAN, District Judge.*
 PER CURIAM.
 
 
 1
 Taxpayer, Horace Batson, appeals pro se from an Internal Revenue Service determination of deficiencies in his income taxes for the calendar years 1978 and 1979 in the amounts of $2,773.59 and $5,833.15, respectively. Pursuant to I.R.C. Sec. 6653(a), the Service assessed a 5% penalty because it found taxpayer negligent in respect to his underpayment of tax. The taxpayer in his four page brief, without citing any authority, argues that certain findings by the Tax Court were erroneous and that the Tax Court erred in giving collateral estoppel effect to its earlier decision, Batson v. Comm'r, T. C. Memo 1982-78, aff'd on procedural grounds, No. 82-1843 (6th Cir. 1984), because an appeal was then pending. See, however, Batson v. Comm'r, T. C. Memo 1983-545 (1983), for a discussion of the facts involved in this appeal.
 
 
 2
 It is well established that even if the merits of a lower court's decision are on appeal, the factual findings of that court have collateral estoppel effect, subject to the possible reversal of the decision. See, e.g., SSIH Equipment S.A. v. United States International Trade Commission, 718 F.2d 365, 370 (Fed. Cir. 1983); A. F. Pylant, Inc. v. Republic Creasoting Co., 285 F.2d 840, 841 (5th Cir. 1961). A fortiori, when the case is appealed on procedural grounds only, the factual findings in the case have collateral estoppel effect. Taxpayer has failed to draw our attention to any contrary authority, and thus we find the Tax Court properly gave collateral estoppel effect to issues determined in Batson v. Comm'r, T.C. Memo 1982-78, aff'd on procedural grounds, No. 82-1843 (6th Cir. 1984).
 
 
 3
 Taxpayer must prove his entitlement to deductions claimed. Interstate Transit Lines v. Comm'r, 319 U.S. 590, 593 (1943); Reese v. Comm'r, 615 F.2d 226, 233 (5th Cir. 1980). The Commissioner's determination is presumed to be correct. Welch v. Helvering, 290 U.S. 111, 115 (1933). The Internal Revenue Code places the burden upon a taxpayer to keep books and records sufficient to establish deductions. I.R.C. Sec. 6001; Treas. Reg. Sec. 1.6001-1(a). From the record, it is quite evident that taxpayer failed to carry his burden of proof.
 
 
 4
 Tax Court Judge Scott rendered a careful 23 page decision in this case considering fully all the issues raised by the taxpayer. We find substantial support for each of his ultimate findings and conclusions.
 
 
 5
 We find taxpayer's appeal under the circumstances frivolous, and therefore assess double costs against him. See Beer v. Comm'r, 744 F.2d 435 (6th Cir. 1984).
 
 
 6
 Accordingly, we AFFIRM the Tax Court for the reasons stated in its opinion and assess double costs against taxpayer.
 
 
 
 *
 HONORABLE DOUGLAS W. HILLMAN, United States District Court for the Western District of Michigan, sitting by designation