**A. F. PYLANT, INC., Appellant,**

v.

**REPUBLIC CREOSOTING COMPANY,**
**Appellee (two cases).**

**Nos. 18208, 18565.**

United States Court of Appeals
Fifth Circuit.

Jan. 13, 1961.

Rehearing Denied March 6, 1961.

M. M. Roberts, Hattiesburg, Miss., Jesse W. Shanks, Purvis, Miss., for appellant.

T. E. Twitty and Inge, Twitty & Duffy, Mobile, Ala., for appellee.

Before HUTCHESON, JONES and WISDOM, Circuit Judges.

HUTCHESON, Circuit Judge.

Unable to compose their differences without litigation, appellant and appellee went to court about them in the United States District Courts of Alabama and Mississippi, and the appeals under consideration here are from the judgments in those cases.

Citizens respectively of Alabama and Mississippi, each instituted suit against the other in the federal court of its residence, and, issues having been joined in each court by complaint and cross-complaint and answers thereto, there ensued a race in each court for first decision, a race which, though the Alabama case had been first filed, ended with decision and judgment first in the Mississippi case on all the issues between the parties against the plaintiff, A. F. Pylant, Inc., and in favor of the defendant, Republic Creosoting Co., Inc., whereupon, Pylant not appealing from the decision in the Mississippi case, the Alabama case was then tried, and a summary judgment was entered in it in favor of Republic Creo-

soting Co., Inc., based on the plea of res judicata of the decision and judgment in the Mississippi case.

Appellant, plaintiff in the Mississippi case and defendant in the Alabama case, appealing from the judgment in that case No. 18208 on the docket of this court, is stoutly attacking it here on the ground that the summary judgment was inappropriately rendered. Appellee, Republic Croesoting Co., Inc., on its part as stoutly defending the judgment on the ground of res judicata on which it was rested, points out that in the Mississippi case the district judge made findings of fact and conclusions of law against Pylant on every issue tendered in the two cases except the issue appearing only in the Alabama case, whether the judicial sale of the ties should have been denied confirmation on the grounds claimed by Pylant and the confirmation of the sale was, therefore, erroneous. This issue was fully and carefully tried out in the Alabama case and, on evidence fully supporting the court's conclusion, was there correctly determined in favor of confirmation.

■ When the appeal in No. 18208 came on for consideration here, appellant Pylant called our attention to the fact that, since the filing of the appeal in No. 18208, the judgment in the Mississippi case had been appealed from and, under this court's docket No. 18565, was here for determination, and insisted that this court ought not, therefore, to affirm the Alabama judgment in No. 18208 on the judgment in the Mississippi case without first examining the appeal in No. 18565 to determine whether, as asserted by it, that judgment was erroneous and should and would be reversed in this court. Thereupon this court, though of the opinion that as matter of law the fact that the judgment in the Mississippi case, the subject of the appeal in No. 18565, had been appealed, did not affect its binding force in the Alabama court as res judicata,[1]

1. Deposit Bank of Frankfort v. Board of Councilmen of City of Frankfort, 191 U.S. 499, 24 S.Ct. 154, 48 L.Ed. 276; Reed v. Allen, 286 U.S. 191, 52 S.Ct. 532, 76 L.Ed. 1054.

nevertheless was of the view that, since the appeal was already here, it was desirable before finally determining the appeal in No. 18208 from the Alabama judgment, that the appeal from the Mississippi judgment be considered and determined on its merits, at least to the extent of determining that the attack on the Mississippi judgment was without merit. The court, therefore, ordered that the appeal in No. 18565 be expedited and consolidated with the appeal in No. 18208, and that both appeals should be considered together and disposed of at the same time.

Pursuant to this order, the appeals in both cases were briefed, and they are both now before the court for consideration and determination. In No. 18208, appellant devotes a considerable part of its brief and argument to the proposition that the case presented issues of fact which did not permit of its determination on summary judgment, while the appellee, conceding that, but for the plea of res judicata of the Mississippi judgment, the Alabama case was not susceptible of summary judgment, urges upon us that that plea and the judgment and findings offered in support of it fully support the judgment in No. 18208.

So urging, it points out: that in both the Alabama and Mississippi cases the courts had personal jurisdiction over the parties; that in the Mississippi case each issue of fact and law tendered in the Alabama case, except the issue of confirmation of the sale of the ties, was also joined in the Mississippi case; that that case was tried and determined adversely to the appellant; and that judgment was entered against it and in favor of appellee, with respect to all the matters at issue between the appellant and the appellee in that case and in the Alabama case; so that the summary judgment in the Alabama case, entered on the basis of the Mississippi judgment, was not only proper but was demanded.

Appellant, opposing this view, attacks the findings of fact in the Mississippi case, as without support in that record,

and the judgment, as unsupported by the principles of law controlling the case.

While, as above said, we do not think that the fact, that the judgment in the Mississippi case has been appealed from, at all affects its binding force as res judicata, we have examined the record in the Mississippi case, in the light of appellant's contentions and appellee's counter-contentions with respect to whether or not the findings and conclusions are correct and support the judgment and are themselves supported by the record. As a result of that examination, we have concluded: that the Mississippi case was fully and fairly tried; that the findings of fact are well supported by the record; that they support the judgments entered in that case and in the Alabama case. This being so, we agree that it is right and proper that the judgment in the Mississippi case and that in the Alabama case, based as it is on the res judicata of the judgment in the Mississippi case, should be, and they are hereby, affirmed.

In reaching these conclusions we have not overlooked the appellant's claim that the Mississippi court was without jurisdiction to determine and adjudge the existence of a lien in Alabama on the ties, nor its claim that there was a novation of the contract between appellant and appellee as a result of the agreement of the Gallie Company to pay the appellee's claim against appellant.

These matters were extensively canvassed and discussed and precisely and we think correctly determined against appellant in the findings and conclusions of the Mississippi district judge. What and all, then, that the appellant in these two cases is seeking to do is to have this court engage in a de novo examination of the record in the Mississippi case and form a de novo opinion and conclusion of its own as to what the findings of fact and conclusions of law in that case ought to have been.

If there is anything settled in controlling appellate procedure, it is that the Court of Appeals does not sit in a case of this kind to try de novo a case which has been tried below by the court

without a jury. Our only function is, according to the district judge the respect that should be accorded to him, as trier, to determine whether the findings are or are not clearly erroneous, whether, in short, as claimed by the appellant, they are so wanting in truth and correctness as to be contrary to the truth and right of the case and plainly wrong.

An examination of the findings and conclusions from this point of view leaves us with the firm conviction: that the district judge in the Mississippi Court, upon the insistence and urging of appellant Pylant, that the issues joined in the suit be heard and tried in the Mississippi court, painstakingly and in complete fairness and good judgment, correctly determined and found the facts and as correctly set down and applied his legal conclusions; and that, appellant having failed to invalidate or impeach in any respect the findings and judgment of the Mississippi case, on which the judgment in the Alabama case was founded, the judgment appealed from in each case should be, and it is hereby Affirmed.