**In re Melvin Lee DUNN, Debtor.**

**STATE FARM FIRE & CASUALTY COMPANY, Plaintiff,**

v.

**Melvin Lee DUNN, Defendant.**

**Bankruptcy No. 87–00713–BKC–WSE.**
**Adv. No. 87–0079–BKC–WSE.**

United States Bankruptcy Court,
N.D. Mississippi.

Dec. 20, 1988.

Doris C. Landon, Oxford, Miss., for Melvin Lee Dunn.

Robert Faulks, Holcombe, Dunbar, Connell, Chaffin & Willard, Oxford, Miss., for State Farm Fire & Cas.

### OPINION

DAVID W. HOUSTON, III,
Bankruptcy Judge.

On consideration of the motion for summary judgment filed by the plaintiff, State

Farm Fire and Casualty Company, hereinafter referred to as plaintiff or State Farm; response to said motion having been filed by Melvin Lee Dunn, hereinafter referred to as debtor or defendant; and the Court having reviewed and considered same, hereby finds and adjudicates as follows, to-wit:

## I.

The Court has jurisdiction of the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(I).

## II.

In May 1983, debtor and his wife, Mollie A. Dunn, executed a deed of trust on their home in favor of Peoples Bank and Trust Company of Tupelo, Mississippi, hereinafter referred to as Peoples Bank. The deed of trust was given to secure the payment of a promissory note in the amount of thirty-five thousand five hundred dollars ($35,500) bearing interest at the rate of 12% per annum. State Farm issued an insurance policy in May, 1985 to Melvin and Mollie Dunn insuring the house and its contents. On February 3 and 4, 1986, the house was completely destroyed by fire. On April 7, 1986, Peoples Bank accepted a $35,592.16 payment from State Farm in exchange for an agreement to release all future claims. Peoples Bank, as the first mortgagee, was legally entitled to this payment under the insurance policy. Pursuant to the policy, State Farm had the option to take an assignment of the promissory note and the related deed of trust. On September 23, 1986, an assignment was executed by Peoples Bank to State Farm which was subsequently filed with the clerk of the Chancery Court of Union County, Mississippi, on September 27, 1986.

Following an investigation, the debtor confessed that he had intentionally set the fire which had destroyed his residence. He was charged by an indictment returned by a Union County grand jury with arson in the first degree. A jury trial was held in September, 1986, in the Circuit Court of Union County, Mississippi, and the defendant was found guilty of arson of a dwelling. An order memorializing the jury's finding was entered in the office of the Circuit Clerk of Union County on September 5, 1986. The conviction is now on appeal to the Mississippi Supreme Court.

The debtor filed a voluntary Chapter 7 petition on April 8, 1987. State Farm, having been subrogated to the rights of Peoples Bank through the assignment, was listed by the debtor on Schedule A–2 as a secured creditor with an estimated claim of $35,000. Subsequently, State Farm filed an adversary proceeding seeking to have the debtor's liability on the claim adjudicated as an exception to discharge pursuant to 11 U.S.C. § 523(a)(6) as a debt resulting from the willful and malicious injury to property of another. State Farm filed a motion for summary judgment to which the debtor responded. This motion is now before the Court for consideration.

## III.

This matter concerns the preclusive effect of a prior criminal conviction on a subsequent determination of dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(6) which reads, in part, as follows:

11 U.S.C. § 523. Exceptions to discharge (a) A discharge ... does not discharge an individual debtor from any debt—

. . . .

(6) for the willful and malicious injury by the debtor to another entity or to the property of another entity.

A determination of whether a debtor "willfully and maliciously" caused an injury is the focus of § 523(a)(6) [11 U.S.C. § 523(a)(6) ] litigation. However, in the present proceeding, the Court has before it a valid state court order wherein the debtor was found guilty of arson of a dwelling. The Mississippi statute, under which the debtor was indicted, tried and convicted, reads as follows:

§ 97–17–1. Arson-first degree-burning dwelling house or outbuilding.

Any person who *wilfully and maliciously* sets fire to or burns or causes to be burned or who aids, counsels or procures the burning of any dwelling house, whether occupied, unoccupied or vacant, or any kitchen, shop, barn, stable or other outhouse that is parcel thereof, or belonging to or adjoining thereto, whether the property of himself or of another, shall be guilty of arson in the first degree, and upon conviction thereof, be sentenced to the penitentiary for not less than two nor more than twenty years.

Miss.Code Ann. § 97–17–1 (1972) (emphasis added).

Thus, the issue before the Court is whether or not a conviction of first degree arson collaterally estops the defendant from relitigating in a subsequent bankruptcy adversary proceeding the issue of willful and malicious conduct associated with the same injury to the property that was involved in the prior criminal prosecution.

### IV.

The doctrine of collateral estoppel holds that where a question of fact essential to a judgment is actually litigated and determined by a valid and final judgment, that determination is conclusive between the same parties in a subsequent suit on a different cause of action. Restatement (Second) of Judgments §§ 17(3), 27 (1980). Federal courts have traditionally adhered to the doctrine of collateral estoppel. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980); *Acree v. Air Line Pilots Ass'n*, 390 F.2d 199 (5th Cir.1968), *cert. denied*, 393 U.S. 852, 89 S.Ct. 88, 21 L.Ed.2d 122 (1968). Collateral estoppel can apply only when the party against whom it is asserted had a "full and fair opportunity" to litigate the issue in the earlier case. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980) (quoting *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979)). The applicability of collateral estoppel in a bankruptcy dischargeability dispute was addressed by the Supreme Court in *Brown v. Felsen*, 442

U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979):

If, in the course of adjudicating a state law question, a state court should determine factual issues using standards identical to those of [§ 523 of the present Bankruptcy Code] then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues in bankruptcy court.

*Brown v. Felsen*, 442 U.S. at 139 N. 10, 99 S.Ct. at 2213 N. 10.

However, *Brown v. Felsen* holds that a bankruptcy court enjoys exclusive jurisdiction to determine dischargeability issues and is not *bound* by an earlier state court adjudication. *Brown v. Felsen*, 442 U.S. at 129, 99 S.Ct. at 2208.

Within the Fifth Circuit, a bankruptcy court may accept an earlier judgment relating to a debt but is clearly not bound by that judgment:

[A] bankruptcy court faced with a claim of nondischargeability ... and presented with a state court judgment evidencing a debt is not bound by the judgment and is not barred by res judicata or collateral estoppel from conducting its own inquiry into the character and, ultimately, the dischargeability of the debt.... [T]his court would be constrained to reverse the bankruptcy court's decision if the bankruptcy judge had held himself to be bound by the state court judgment.

*Carey Lumber Co. v. Bell*, 615 F.2d 370 (5th Cir.1980).

In *In re Shuler*, 722 F.2d 1253 (5th Cir. 1984) the issue was again addressed and clarified:

[I]n the sparse subsequent decisions on the issue, the district and bankruptcy courts of the present and former Fifth Circuit, as in the present instance, have held that collateral estoppel-arising from an earlier nonbankruptcy suit's determination of subsidiary facts that were actually litigated and necessary to the decision-may properly be invoked by the bankruptcy court to bar relitigation of those issues even though the bankruptcy court retains the exclusive jurisdiction to determine the ultimate question of the

dischargeability under federal bankruptcy law of the debt, upon the facts so based and other evidence before the court.

*Id.* at 1255.

■ A jury's finding that a defendant's actions were willful and malicious will collaterally estop the judgment debtor from relitigating that issue in a subsequent dischargeability proceeding only if an examination of the record of the earlier proceeding satisfies the bankruptcy court that the issue was raised and litigated and that the resolution of the issue was necessary to the verdict in the prior case. *Combs v. Richardson*, 838 F.2d 112, 114 (4th Cir.1988) (Jury award of punitive damages based on a willful and malicious standard was held to collaterally estop relitigation of the debtor's willful and malicious conduct in a subsequent dischargeability proceeding.) In the matter presently under consideration, an examination of the record of the earlier criminal proceeding reveals the following:

1. An indictment was returned against the debtor stating that he "wilfully, maliciously, unlawfully and feloniously set fire to and burn[ed] a dwelling house ...";

2. The following jury instruction was "Given";

### INSTRUCTION S-2

The defendant, Melvin Dunn, has been charged by indictment with the crime of arson in the first degree for wilfully and maliciously having by his own act caused the burning or setting a fire of a dwelling house.

If you find from the evidence in this case beyond a reasonable doubt that

1. the building was Melvin and Mollie Dunn's dwelling house and
2. on or about the 3rd day of February, 1986, the dwelling house was set afire or burned, and
3. the setting afire or burning was caused by defendant's wilful and malicious act of setting fire to the first floor of the dwelling house,

then you shall find the defendant guilty of arson in the first degree for the setting afire or burning a dwelling house, in which event the form of your verdict shall be, to-wit:

"We, the jury, find the defendant guilty of arson of a dwelling"

writing your verdict on a separate sheet of paper furnished you by the Court for that purpose.

If the state has failed to prove any one or more of these elements beyond a reasonable doubt, then you shall find the defendant not guilty.

And in that event, the form of your verdict shall be "We, the jury, find the defendant not guilty";

3. An order was entered in the Circuit Court of Union County, Mississippi on September 5, 1986, which stated in part, as follows:

THIS DAY into open Court came the Assistant District Attorney who prosecutes for the State of Mississippi and came also the Defendant, Melvin Dunn, and his Attorney, Trent Howell, and having been lawfully arraigned at a former day of this Court, and the State announcing ready for trial and said cause having been previously set for trial on this date, then came a jury composed of James Byers and eleven (11) other good and lawful citizens of Union County, Mississippi, whereupon the Defendant was tried in open Court before said jury on an indictment lawfully returned by the Grand Jury of Union County, Mississippi, charging said Defendant with the crime of Arson of a Dwelling, and proof heard and instructions of the Court and argument of counsel the jury retired and after deliberations returned into open Court the following verdict,

"We, the Jury, find the Defendant, Melvin Dunn, guilty of Arson of a Dwelling."

After a thorough review of the record of the prior proceeding, this Court is satisfied that the issue of willful and malicious conduct was fully litigated and competently determined. Accordingly, the final judgment in the previous proceeding is conclusive between the parties and bars relitigation of the same issue in the present

forum. The Court finds that the debt owed to State Farm is the product of the debtor's willful and malicious injury to the property of another entity, and is, therefore, nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

## V.

■ The debtor's response to plaintiff's motion for summary judgment questions the applicability of the doctrine of collateral estoppel to the present action by alleging the lack of finality of the prior proceeding. The judgment of the Circuit Court of Union County is currently on appeal to the Mississippi Supreme Court (Cause No. 58,-526). The debtor contends that it would be inequitable and unfair to afford collateral estoppel effect to the arson conviction before a decision is rendered on appeal.

In determining whether the doctrine of collateral estoppel can apply when the prior judgment is on appeal, this Court found the following Restatement section to be informative:

§ 13. Requirement of Finality

The rules of res judicata are applicable only when a final judgment is rendered. However, for purposes of issue preclusion (as distinguished from merger and bar), "final judgment" includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect.

Restatement (Second) of Judgments § 13 (1980).

The rationale for allowing a more pliant interpretation of finality when dealing with collateral estoppel or "issue preclusion" is set forth in the comments to § 13, to-wit:

[T]o hold invariably that [collateral estoppel] is not to be permitted until a final judgment in the strict sense has been reached in the first action can involve hardship—either needless duplication of effort and expense in the second action to decide the same issue, or, alternatively, postponement of decision of the issue in the second action for a possible lengthy period of time until the first action has gone to a complete finish. In particular circumstances the wisest course is to regard the prior decision of the issue as final for the purpose of issue preclusion without awaiting the end judgment.

Restatement (Second) of Judgments § 13 (1980) (comment g.)

Within the Fifth Circuit, a judgment may be accorded res judicata effect notwithstanding a pending appeal of that judgment. *Fidelity Standard Life Insurance Co. v. First National Bank & Trust Co.*, 510 F.2d 272 (5th Cir.1975); *A.F. Pylant, Inc. v. Republic Creosoting Co.*, 285 F.2d 840 (5th Cir.1961). In light of these Fifth Circuit holdings on res judicata and the relaxed finality requirement for issue preclusion as advocated in the Restatement language set forth hereinabove, it is the opinion of this Court that the prior criminal conviction for arson, invoked in this present adversary proceeding, should bar relitigation of the issue of willful and malicious conduct even though the conviction is on appeal. The Court hastens to add, however, that should the debtor prevail in the Mississippi Supreme Court appeal, he has the option of seeking relief from the order which will be entered simultaneously with this opinion, pursuant to Fed.R.Civ.P. 60(b)(5), as applied by Bankruptcy Rule 9024.

## VI.

Summary judgment is properly granted when pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Bankruptcy Rule 7056. The Court must examine each issue in a light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Phillips Oil Co. v. OKC Corp.*, 812 F.2d 265 (5th Cir.1987); *Putman v. Insurance Co. of North America*, 673 F.Supp. 171 (N.D.Miss.1987). The moving party must demonstrate to the court the basis on which it believes that summary judgment is justified. The nonmoving party must then show that a genu-

ine issue of material fact arises as to that issue. *Celotex Corporation v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Leonard v. Dixie Well Service & Supply, Inc.,* 828 F.2d 291 (5th Cir.1987), *Putman v. Insurance Co. of North America,* 673 F.Supp. 171 (N.D.Miss.1987). An issue is genuine if "there is sufficient evidence favoring the nonmoving party for a factfinder to find for that party." *Phillips,* 812 F.2d at 273. A fact is material if it would "affect the outcome of the lawsuit under the governing substantive law." *Phillips,* 812 F.2d at 272.

This Court is of the opinion that there is no genuine issue as to any material fact and that the plaintiff is entitled to a judgment as a matter of law.

An order will be entered consistent with this opinion.