In re Eric H. HOROWITZ.

ASSOCIATED GROWERS,
INC. Plaintiff,

v.

Eric H. HOROWITZ Defendant.

Bankruptcy No. 88–01366–BKC–WES.
Adv. No. 88–0169.

United States Bankruptcy Court,
N.D. Mississippi.

April 19, 1989.

Omar D. Craig, Oxford, Miss., for Eric H. Horowitz.

Nina S. Tollison, Tollison and Alexander, Oxford, Miss., for Associated Growers, Inc.

## OPINION

DAVID W. HOUSTON, III,
Bankruptcy Judge.

On consideration of the motion for summary judgment filed by the plaintiff, Associated Growers, Inc., hereinafter referred to as plaintiff or Associated Growers; *no* response to said motion having been filed by Eric H. Horowitz, hereinafter referred to as debtor or defendant; and the Court having reviewed the motion and supporting exhibits, hereby finds and adjudicates as follows, to-wit:

### I.

The Court has jurisdiction of the subject matter of and the parties to this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(I) and (O).

### II.

Associated Growers is a Florida corporation engaged in the wholesale marketing of indoor foliage with its principal place of business in Palm Beach County, Florida. The debtor became employed by Associated Growers on August 1, 1984. At the time of his employment, the debtor entered into an agreement which contained a specific covenant not to compete with the employer and not to use, undermine and/or solicit any customers of the employer upon termination of his employment. As an employee, the debtor gained knowledge of and access to certain computerized lists of current and potential customer accounts maintained by Associated Growers. The debtor's employment ended on June 16, 1986. Associated Growers subsequently filed suit against the debtor for conversion and breach of contract in the Circuit Court for Broward County, Florida, alleging that he had removed the computerized list of potential customers and that he had attempted to sell the information contained therein to third parties. An amended complaint was filed against the debtor on July 14, 1987. A trial was held and a jury verdict rendered. With respect to Associated Growers' breach of contract claim, the jury assessed damages against the debtor in the sum of $5,000.00. With respect to the conversion claim, the jury, after receiving an instruction on conversion and the applicability of punitive damages, assessed compensatory damages of $20,000.00 and punitive damages of $50,000.00. The jury also awarded $3,500.00 to the debtor as a result of his breach of contract counterclaim against Associated Growers. A final judgment allowing execution to issue in favor of Associated Growers against the debtor

in the amount of $71,500.00 was signed on April 18, 1988. An order taxing costs and attorney's fees against the debtor in the sum of $29,381.42 was entered on July 7, 1988. Sometime between April and July, 1988, the debtor moved to Oxford, Mississippi, where he now resides. On July 8, 1988, the debtor filed a petition for relief in the United States Bankruptcy Court for the Northern District of Mississippi listing Associated Growers as a creditor. On September 19, 1988, Associated Growers initiated the present adversary proceeding by filing a· complaint to determine the dischargeability of its debt pursuant to 11 U.S.C. § 523(a)(4) and (6). On January 17, 1989, Associated Growers filed its motion for summary judgment which is now before the Court for consideration.

### III.

■ The gravamen of Associated Growers' motion is that the Florida judgment entered in its favor against the debtor conclusively establishes the requisite degree of conduct necessary for an adjudication that the subject debt is nondischargeable under the Bankruptcy Code, and that the debtor is thereby collaterally estopped from relitigating, in the present forum, the factual issues which supported the judgment.

This Court, on two recent occasions, has had an opportunity to determine the collateral estoppel effect of prior judgments in subsequent bankruptcy nondischargeability actions. In *State Farm Fire and Casualty Co. v. Dunn (In re Dunn)*, 95 B.R. 414 (Bankr.N.D.Miss.1988), State Farm, as the insuror, had become subrogated to the rights of a mortgagee/bank when the debtor's home was destroyed by fire. The debtor was subsequently convicted by a jury of first degree arson which, under the Mississippi statute, necessitated a finding that the accused "willfully and maliciously" set fire to a dwelling. The debtor sought to have the debt owed to State Farm discharged in his Chapter 7 proceeding. State Farm filed a timely complaint to deny dischargeability, claiming that the debt was the product of a willful and malicious injury to property. Soon thereafter, State Farm filed a motion for summary judgment

alleging that the arson conviction collaterally estopped the debtor from relitigating the issue of willful and malicious conduct. This Court agreed and recognized the arson conviction as being conclusive on the issue of the debtor's conduct. Summary judgment was entered in favor of State Farm.

The matter of *Berry v. McLemore (In re McLemore)*, 94 B.R. 903 (Bankr.N.D.Miss. 1988) came before the Court on a complaint, filed by the plaintiff, Earl Berry, to deny the dischargeability of a judgment debt entered in his favor against the debtor. While employed as a police officer, the debtor had stopped Berry for a traffic offense. A fist fight ensued which ended when the debtor drew his service revolver, shot at, and wounded Berry. Berry filed suit in the United States District Court and was awarded actual and punitive damages. When the debtor filed for relief under Chapter 7 of the Bankruptcy Code, Berry filed his complaint seeking to have the judgment debt adjudicated as nondischargeable pursuant to 11 U.S.C. § 523(a)(6). The court refused to apply the doctrine of collateral estoppel, as requested by Berry, because an examination of the jury trial record failed to reveal whether the jury had applied a "willful and malicious" standard or a "reckless disregard" standard in awarding punitive damages. The jury had been instructed that either standard could apply. After then conducting an independent analysis of the testimony elicited in the earlier proceeding, the Court found the debtor's conduct to have been willful, but not malicious in accordance with the standards enunciated in *Seven Elves, Inc. v. Eskenazi*, 704 F.2d 241, 245 (5th Cir.1983). The debt evidenced by the judgment was discharged.

In *In re Dunn* and *In re McLemore*, *supra*, this Court cited relevant authority concerning the applicability of collateral estoppel in a bankruptcy dischargeability action. In addressing the matter presently before the Court, three of those authorities must be reiterated.

First, the Supreme Court case, *Brown v. Felsen*, 442 U.S. 127, 139 n. 10, 99 S.Ct. 2205, 2213 n. 10, 60 L.Ed.2d 767 (1979), addressed the issue of the applicability of collateral estoppel in a bankruptcy dischargeability action as follows:

If, in the course of adjudicating a state law question, a state court should determine factual issues using standards identical to those of [§ 523 of the present Bankruptcy Code] then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues in bankruptcy court.

*Id.*

Second, in *In re Shuler*, 722 F.2d 1253, 1255 (5th Cir.1984), the Fifth Circuit stated that collateral estoppel may be invoked in a dischargeability action, but held that the bankruptcy court is not bound by the earlier determination and, in fact, retains exclusive jurisdiction to determine the ultimate question of the dischargeability of a debt. In addition, the *Shuler* decision, citing *White v. World Finance of Meridian, Inc.*, 653 F.2d 147, 151 (5th Cir.1981), set forth the following test for applying the doctrine of collateral estoppel within the Fifth Circuit: (i) the issue to be precluded must be identical to that involved in the prior action, (ii) the issue must have been actually litigated in the prior action, and (iii) the issue determination in the prior action must have been necessary to the resulting judgment. *In re Shuler*, 722 F.2d at 1256 n. 2.

Third, the Fourth Circuit decision, *Combs v. Richardson*, 838 F.2d 112, 114 (4th Cir. 1988), held that a jury award of punitive damages based solely on a willful and malicious standard will collaterally estop relitigation of the debtor's willful and malicious conduct in a subsequent bankruptcy dischargeability proceeding.

## IV.

As an attachment to both the complaint and the motion for summary judgment, filed by Associated Growers in the present proceeding, this Court was supplied with, among other documentation, a copy of the instruction given to the Florida jury concerning the standard to be used when determining whether to award punitive damages.

The instruction, in full, reads as follows:

PLAINTIFF'S REQUESTED JURY
INSTRUCTION NO. 4

CONVERSION

In this action Plaintiff Associated Growers, Inc. claims that Defendant Horowitz obtained certain property belonging to Associated Growers, Inc. and appropriated the property to his own use. If you find that Mr. Horowitz misappropriated Associated Growers, Inc.'s customer list, supplier list, *or* other computer information, then you must find in favor of Associated Growers, Inc. and assess the amount of damages sustained by Associated Growers, Inc.

You should award Associated Growers, Inc. an amount of money that the greater weight of the evidence shows will fairly and adequately compensate Associated Growers, Inc. for its loss.

If you find that Mr. Horowitz misappropriated Associated Growers, Inc.'s property willfully, intentionally and maliciously, then you may, in your discretion, assess punitive damages against Defendant Horowitz as punishment and as a deterrent to others.

As noted earlier, the jury did, in fact, award punitive damages in the sum of $50,-000.00 as a result of the conversion claim against the debtor. This verdict required a finding by the jury that the debtor acted "willfully, intentionally and maliciously" which is identical to the "willful and malicious" standard required by 11 U.S.C. § 523(a)(6). Accordingly, this Court finds that the issue sought to be precluded in the present action is identical to that involved in the Florida state court action. In addition, it is the opinion of this Court that since the aforementioned punitive damages instruction was given by the trial judge, a finding is mandated that the issue of willful and malicious conduct was actually litigated in the Florida trial.

Finally, this Court holds that because a finding of willful and malicious conduct

was a necessary prerequisite of the punitive damages award, such a determination was necessary to the resulting final judgment. In light of the foregoing findings, this Court holds that the "federal test" for the application of the doctrine of collateral estoppel has been met.

## V.

Having determined that the debtor's conduct was of the degree required to trigger application of 11 U.S.C. § 523(a)(6), this Court must now determine whether or not each component of the Florida judgment should be excepted from discharge. The subject debt consists of the following components: ·

| | |
|---|---|
| Conversion | |
| compensatory damages | $ 20,000.00 |
| punitive damages | 50,000.00 |
| Breach of Contract ($5,000.00 less setoff of $3,500.00 awarded to debtor) | 1,500.00 |
| Initial Judgment | $ 71,500.00 |
| Costs and attorney's fees subsequently added | 29,381.43 |
| Final Judgment | $100,881.43 |

The "willful and malicious injury" exception to discharge set forth in 11 U.S.C. § 523(a)(6) includes willful and malicious conversion. 3 *Collier on Bankruptcy* ¶ 523.16[3] (15th ed. 1988) (citing 124 Cong. Rec. H11,095–6 (daily ed. Sept. 28, 1978); S17,412–13 (daily ed. Oct. 6, 1978)). *See also, In re Hendry,* 77 B.R. 85, 90 (Bankr. S.D.Miss.1987) (Conversion found to be "willful and malicious" thereby triggering application of § 523(a)(6) exception to discharge.)

■ In determining whether the awards for compensatory and punitive damages, resulting from the conversion claim, should be dischargeable or nondischargeable, the Court closely examined Jury Instruction No. 4, set forth hereinabove. The jury was instructed to award compensatory damages if it found that the debtor misappropriated Associated Growers' property. The jury was further instructed in the final paragraph of the instruction that it could award punitive damages upon a finding that the

misappropriation was conducted willfully, intentionally and maliciously. By subsequently awarding punitive damages, the jury made an implicit finding that the compensatory damages, as well as, the punitive damages arose from willful and malicious conduct. Ample authority can be found for the proposition that where willfulness and malice exist, compensatory and punitive damages flowing therefrom are nondischargeable under 11 U.S.C. § 523(a)(6). *Combs v. Richardson,* 838 F.2d 112, 117 (4th Cir.1988); *In re Adams,* 761 F.2d 1422, 1427 (9th Cir.1985); *In re Nix,* 92 B.R. 164, 170 (Bankr.N.D.Tex.1988); *In re Dean,* 79 B.R. 659, 663 (Bankr.N.D.Tex.1987); *In re Siefke,* 61 B.R. 220, 222 (Bankr.D.Mont. 1986); *In re Mueller,* 34 B.R. 869, 872 (Bankr.D.Colo.1983). Accordingly, the Court finds the compensatory and punitive awards, in the sums of $20,000.00 and $50,-000.00 respectively, to be debts for the willful and malicious injury by the debtor to another entity which are therefore nondischargeable.

The Court is aware that authority exists for the contrary proposition that punitive damages, awarded as a penalty or by way of punishment, are dischargeable even if factually tied to a creditor's claim. *In re McDonald,* 73 B.R. 877, 882 (Bankr.N.D. Tex.1987). This Court respectfully disagrees with the *McDonald* result and as support for this disagreement would cite, by way of analogy, 11 U.S.C. § 523(a)(7), which allows a fine or penalty owing to a governmental unit, not as compensation for actual pecuniary loss, to be excepted from discharge. Despite the cherished goal of providing a "fresh start", this Court can see no public policy benefit to be derived from allowing a debtor in bankruptcy to discharge an award of punitive damages, which was based on his willful and malicious conduct, simply because the ultimate purpose of such an award was to punish the defendant rather than to compensate the injured party.

The rationale of the *McDonald* decision, has been somewhat undermined by *In re Nix,* 92 B.R. 164 (Bankr.N.D.Tex.1988). Although both are Northern District of

Texas bankruptcy decisions, *In re Nix*, which held that punitive damages are non-dischargeable, if willfulness and malice are present, is the more recent opinion and is the more persuasive authority to this Court.

■ In determining the dischargeability of the $1,500.00 breach of contract award, the court examined Jury Instruction No. 2, which reads as follows:

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 2

## DAMAGES FOR BREACH OF CONTRACT

If you find that Defendant Horowitz breached his Employment Agreement, and that as a result Plaintiff Associated Growers, Inc. sustained a loss, then you should award Associated Growers, Inc. an amount of money that the greater weight of the evidence shows will fairly and adequately compensate Associated Growers, Inc. for such loss.

The second paragraph of Instruction No. 2, denominated "Punitive Damages", appears to have been stricken and was apparently not read to the jury. Regardless, the proposed punitive damages portion of the instruction is devoid of any "willful and malicious" language.

The breach of contract claim in the Florida trial was a separate and distinct cause of action from the conversion claim. The punitive damages instruction contained in Instruction No. 4 was limited to the conversion cause of action. Although punitive damages may be awarded for breach of contract in extraordinary circumstances, there is no evidence before the Court that even suggests that the breach of contract award was the product of a debt resulting from a willful and malicious injury by the debtor. The debt is, therefore, not excepted from discharge by virtue of 11 U.S.C. § 523(a)(6).

■ The debt also does not qualify as a debt resulting from fraud or defalcation pursuant to 11 U.S.C. § 523(a)(4) as suggested by Associated Growers. Under general contract law, a party is free to breach a contract so long as that party is willing to pay the resulting damages. In the present case, the breach of contract damages have been reduced to a judgment debt which fails to qualify as an exception to discharge set forth under 11 U.S.C. § 523(a). Therefore, the $1,500.00 award, remaining after the setoff for the debtor's counterclaim damages, is dischargeable.

■ In regard to the dischargeability of attorney's fees and costs, the final judgment entered on April 18, 1988, contains the following sentence: "The Court reserves jurisdiction to assess attorney's fees and costs." The order taxing $4,381.42 for costs and $25,000.00 for attorney's fees against the debtor was signed on July 7, 1988. Where a state court judgment arose entirely from a willful and malicious injury inflicted by the debtor, the entire judgment, including costs and attorney's fees, is nondischargeable pursuant to 11 U.S.C. § 523(a)(6). *In re Hopper*, 71 B.R. 67, 68 (Bankr.Colo.1987); *In re Orrick*, 51 B.R. 92, 96 (Bankr.N.D.Okla.1985); *In re Maxwell*, 51 B.R. 244, 246 (Bankr.S.D. Indiana 1983); *Dutton v. Schwartz*, 21 B.R. 1014, 1018 (Bankr.D.Mont.1982).

■ The entire state court judgment did not arise from the debtor's willful and malicious conversion of Associated Growers' property. A portion of the costs and fees taxed against the debtor were generated by Associated Growers' prosecution of its breach of contract claim and the defense of the debtor's breach of contract counterclaim. These fees did not arise from the willful and malicious injury inflicted by debtor and would, therefore, be dischargeable. The Court has before it only the one page order which taxed the costs and attorney's fees against the debtor. Without a copy of Associated Growers' original motion requesting costs and fees and a time study reflecting the number of hours billed and a description of the work performed, this Court is unequipped to make an informed apportionment of dischargeable and nondischargeable costs and attorney's fees. Accordingly, the dischargeability of the costs and attorney's fees issue will be held

in abeyance pending an evidentiary hearing.

## VI.

■ Summary judgment is properly granted when pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Bankruptcy Rule 7056. The Court must examine each issue in a light most favorable to the nonmoving party. *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Phillips v. OKC Corp.,* 812 F.2d 265 (5th Cir.1987); *Putman v. Insurance Co. of North America,* 673 F.Supp. 171 (N.D.Miss.1987). The moving party must demonstrate to the court the basis on which it believes that summary judgment is justified. The nonmoving party must then show that a genuine issue of material fact arises as to that issue. *Celotex Corporation v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Leonard v. Dixie Well Service & Supply, Inc.,* 828 F.2d 291 (5th Cir.1987), *Putman v. Insurance Co. of North America,* 673 F.Supp. 171 (N.D.Miss.1987). An issue is genuine if "there is sufficient evidence favoring the nonmoving party for a fact finder to find for that party." *Phillips,* 812 F.2d at 273. A fact is material if it would "affect the outcome of the lawsuit under the governing substantive law." *Phillips,* 812 F.2d at 272.

This Court is of the opinion that no genuine issues of material fact exist concerning the dischargeability of the debt evidenced by the Florida judgment entered against the debtor, excepting the question of costs and attorney's fees. Associated Growers is entitled to a judgment as a matter of law that the award for compensatory and punitive damages in the amount of $70,000.00, arising from its conversion claim against the debtor, is nondischargeable. Associated Growers is not entitled to a judgment on its claim that the award of $1,500.00 for breach of contract damages is nondischargeable. Associated Growers is entitled to a judgment as a matter of law as to the nondischargeability of the costs and attorney's fees related exclusively to the litigation of the conversion claim against the debtor. An apportionment of the dischargeability of costs and fees must await the outcome of an evidentiary hearing to be set subsequently by the Court.

Accordingly, Associated Growers' motion for summary judgment is granted in part and denied in part. An Order will be entered consistent with this Opinion.