**In re John S. JORDAN d/b/a Jordan Orchards.**

**Georgia Marie Redus McKENNA, Plaintiff,**

v.

**John S. JORDAN, Defendant.**

**Bankruptcy No. 88–02110–EEL. Adv. No. 92–1076.**

United States Bankruptcy Court, N.D. Mississippi.

Dec. 22, 1992.

Jim Waide, Tupelo, MS, for John S. Jordan.

Charles T. Yoste, Starkville, MS, J. Niles McNeel, McNeel and Ballard, Louisville, MS, for Georgia Marie Redus McKenna.

## OPINION

DAVID W. HOUSTON, III, Bankruptcy Judge.

On consideration before the court is a motion for summary judgment filed by the plaintiff, Georgia Marie Redus McKenna; response to said motion having been filed by the defendant/debtor, John S. Jordan; and the court having considered same hereby finds as follows, to-wit:

### I.

The court has jurisdiction of the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(I).

### II.

The plaintiff, McKenna, has filed a complaint against the defendant/debtor, Jordan, seeking a determination that a judgment awarded to her in the Circuit Court of Oktibbeha County, Mississippi, is a nondischargeable debt pursuant to 11 U.S.C. § 523(a)(6). This section provides that a debt, resulting from a willful and malicious injury caused by an individual debtor, is nondischargeable in that debtor's bankruptcy case. The judgment, rendered by jury verdict against Jordan, resulted from charges by McKenna that Jordan had forcibly assaulted and raped her on March 30, 1984.

The following material factual issues, which are not in dispute, are set forth as follows:

A. Based on criminal charges initiated by McKenna, Jordan was convicted of the crime of rape by a jury in the Circuit Court of Oktibbeha County on February 7, 1987.

B. Jordan's criminal conviction was affirmed by the Mississippi Supreme Court on May 17, 1989. (See *Jordan v. State*, 543 So.2d 191 (Miss.1989).)

C. Through a Report and Recommendation, dated February 10, 1992, United States Magistrate Judge Jerry A. Davis recommended to the United States District Court for the Northern District of Mississippi that a petition for habeas corpus, filed by Jordan, be granted and that he be released from custody unless he was awarded a new trial. Essentially, Judge Davis concluded that Jordan's petition for habeas corpus contained persuasive, substantiated evidence that he had asserted his right to testify at his criminal trial, but was prevented from doing so by his attorney. This recommendation is currently pending in the district court and, regardless of the decision there, will likely be appealed to the Court of Appeals for the Fifth Circuit, and perhaps further by the non-prevailing party.

D. Prior to Jordan's criminal conviction, McKenna had commenced an action in the Circuit Court of Oktibbeha County to recover civil damages for injuries resulting

from the rape and assault inflicted upon her by Jordan. On February 1, 1988, as mentioned above, a jury returned a verdict in McKenna's favor against Jordan in the sums of $380,000.00 actual damages and $50,000.00 punitive damages.

E. On December 27, 1990, the Supreme Court of Mississippi, affirmed the civil judgment against Jordan. (See *Jordan v. McKenna*, 573 So.2d 1371 (Miss.1990).) A petition for rehearing was denied on February 13, 1991.

F. Jordan filed a voluntary Chapter 11 bankruptcy petition on October 20, 1988. The case was converted to Chapter 7 on December 26, 1991.

### III.

By way of her motion for summary judgment, McKenna contends that Jordan is precluded by the doctrine of collateral estoppel from relitigating the issue of his willful and malicious conduct.

This court, on previous occasions, has had opportunities to determine the collateral estoppel effect of prior judgments in subsequent bankruptcy nondischargeability actions. In *State Farm Fire and Casualty Co. v. Dunn (In re Dunn)*, 95 B.R. 414 (Bankr.N.D.Miss.1988), State Farm, as the insurer, had become subrogated to the rights of a mortgagee/bank when the debtor's home was destroyed by fire. The debtor was subsequently convicted by a jury of first degree arson which, under the Mississippi statute, necessitated a finding that the accused "willfully and maliciously" set fire to the dwelling. After the debtor filed bankruptcy, State Farm filed a complaint to deny dischargeability, claiming that the debt was the product of a willful and malicious injury to property. State Farm then filed a motion for summary judgment alleging that the arson conviction collaterally estopped the debtor from relitigating the issue of his willful and malicious conduct. This court sustained the motion for summary judgment recognizing that the arson conviction was conclusive as to the issue of the debtor's conduct.

The matter of *Berry v. McLemore (In re McLemore)*, 94 B.R. 903 (Bankr.N.D.Miss.

1988), was another nondischargeability cause of action. While employed as a police officer, the debtor, McLemore, stopped Berry for a traffic offense. A fist fight ensued which ended when McLemore drew his service revolver and shot Berry. Berry filed suit in the United States District Court and was awarded actual and punitive damages. When McLemore filed for relief under Chapter 7 of the Bankruptcy Code, Berry sought to have the judgment adjudicated as nondischargeable pursuant to 11 U.S.C. § 523(a)(6). This court refused to apply the doctrine of collateral estoppel, as requested by Berry, because an examination of the jury trial record failed to reveal whether the jury had applied a "willful and malicious" standard or a "reckless disregard" standard in awarding punitive damages. The jury had been instructed that either standard could apply. After then conducting an independent analysis of the testimony elicited at the district court trial, the court found the debtor's conduct to have been willful, but not malicious as defined in *Seven Elves, Inc. v. Eskenazi*, 704 F.2d 241, 245 (5th Cir.1983). The debt evidenced by the judgment was discharged.

In *In re Dunn* and *In re McLemore*, several precedents, discussing the applicability of collateral estoppel in a bankruptcy dischargeability action, were cited by the court. In addressing the present matter, these authorities should be mentioned again.

In *Brown v. Felsen*, 442 U.S. 127, 139 n. 10, 99 S.Ct. 2205, 2213 n. 10, 60 L.Ed.2d 767 (1979) the Supreme Court addressed the issue of the applicability of collateral estoppel in a bankruptcy dischargeability action as follows:

> If, in the course of adjudicating a state law question, a state court should determine factual issues using standards identical to those of [§ 523 of the present Bankruptcy Code] then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues in bankruptcy court.
> *Id.*

In *In re Shuler*, 722 F.2d 1253 (5th Cir. 1984), the Fifth Circuit stated that collater-

al estoppel may be invoked in a dischargeability action. The court enunciated the following test for applying the doctrine of collateral estoppel in the Fifth Circuit: (i) the issue to be precluded must be identical to that involved in the prior action, (ii) the issue must have been actually litigated in the prior action, and (iii) the issue determination in the prior action must have been necessary to the resulting judgment. *Id.* at 1256 n. 2. See also *White v. World Finance of Meridian, Inc.*, 653 F.2d 147, 151 (5th Cir.1981).

*Combs v. Richardson*, 838 F.2d 112, 114 (4th Cir.1988), held that a jury award of punitive damages based solely on a willful and malicious standard will collaterally estop relitigation of the debtor's willful and malicious conduct in a subsequent bankruptcy dischargeability proceeding.

Ample authority can be found for the proposition that where willfulness and malice exist compensatory and punitive damages flowing therefrom are nondischargeable under 11 U.S.C. § 523(a)(6). *In re Adams*, 761 F.2d 1422, 1427 (9th Cir.1985); *In re Nix*, 92 B.R. 164, 170 (Bankr. N.D.Tex.1988); *In re Dean*, 79 B.R. 659, 663 (Bankr.N.D.Tex.1987); *In re Siefke*, 61 B.R. 220, 222 (Bankr.D.Mont.1986); *In re Mueller*, 34 B.R. 869, 872 (Bankr.D.Colo. 1983).

The aforementioned authorities were also cited with approval by this court in *In re Horowitz*, 103 B.R. 786 (Bankr.N.D.Miss. 1989).

## IV.

Three of the instructions which were given to the civil jury in the Oktibbeha County Circuit Court are set forth in their entirety as follows:

### Jury Instruction P-1

Rape is defined as the having of unlawful carnal knowledge of a female over the age of twelve (12) years, forcibly and against her will.

### Jury Instruction P-2

Rape is a battery. A battery is an intentional, unpermitted, or unprivileged contact by the defendant upon the person of the plaintiff.

### Jury Instruction P-7

The Court instructs the jury that if you find from a preponderance of the evidence in this case that the defendant, John S. Jordan, on or about March 30, 1984, raped the plaintiff, Georgia Marie Redus, then John S. Jordan's acts were of a willful, wanton, malicious nature, evincing ruthless disregard for the rights of Georgia Marie Redus and you the jury have the right to award damages to punish the wrong doing of the defendant, to deter others from the commission of similar offenses thus protecting the public, and to reward the individual for public service in bringing a wrongdoer to account.

These damages are punitive damages and are awarded in addition to actual damages. The amount of punitive damages are solely within your discretion.

If you decide to award punitive damages, you may properly consider the following items in fixing the amount:

1. The character of the defendant's conduct,

2. The defendant's motive,

3. The amount of damages which would be required to discourage the defendant and others from engaging in such conduct in the future,

4. The income and assets of the defendant.

Obviously, since the members of the jury returned a verdict awarding both actual damages and punitive damages, they concluded by the requisite number that Jordan was guilty of willful and malicious conduct. This, in and of itself, is conclusive that the doctrine of collateral estoppel should be applied in this adversary proceeding.

## V.

McKenna reminds the court that Jordan's criminal conviction for rape corroborates and supports her argument that collateral estoppel precludes the relitigation of Jordan's willful and malicious conduct. On the other hand, Jordan contends that in light of Judge Davis's Report

and Recommendation that the criminal conviction and its affirmance by the Mississippi Supreme Court is now suspect. Jordan also contends that the decision of the Mississippi Supreme Court, in affirming the civil judgment for actual and punitive damages, is also suspect because the court reasoned that the civil judgment should be affirmed primarily because of the collateral estoppel effect of the criminal conviction. Insofar as this nondischargeability proceeding is concerned, the criminal conviction and its ultimate affirmance by the Mississippi Supreme Court can be considered as mere surplusage. Likewise, the affirmance by the Mississippi Supreme Court of the civil judgment, for whatever underlying reason, is surplusage. This court needs only to rely on the verdict and judgment rendered at the trial level in the state civil proceeding. The fact that it was affirmed, largely because of the collateral estoppel effect given the criminal conviction, is of no moment.

As mentioned earlier, the civil appeal has now been finalized in this matter. However, in determining whether the doctrine of collateral estoppel can apply when the prior judgment is still on appeal, this court found the following Restatement of Judgments section to be informative:

§ 13. Requirement of Finality

The rules of res judicata are applicable only when a final judgment is rendered. However, for purposes of issue preclusion (as distinguished from merger and bar), "final judgment" includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect.

Restatement (Second) of Judgments § 13 (1980).

The rationale for allowing a more pliant interpretation of finality when dealing with collateral estoppel or "issue preclusion" is set forth in the comments to § 13, to-wit:

[T]o hold invariably that [collateral estoppel] is not to be permitted until a final judgment in the strict sense has been reached in the first action can involve hardship—either needless duplication of effort and expense in the second action to decide the same issue, or, alternatively, postponement of decision of the issue in the second action for a possible lengthy period of time until the first action has gone to a complete finish. In particular circumstances the wisest course is to regard the prior decision of the issue as final for the purpose of issue preclusion without awaiting the end judgment.

Restatement (Second) of Judgments § 13 (1980) (comment g.)

██ Within the Fifth Circuit, a judgment may be accorded res judicata effect notwithstanding a pending appeal of that judgment. See, *Fidelity Standard Life Insurance Co. v. First National Bank & Trust Co.*, 510 F.2d 272 (5th Cir.1975); and *A.F. Pylant, Inc. v. Republic Creosoting Co.*, 285 F.2d 840 (5th Cir.1961).

As mentioned earlier, the jury in the civil cause of action considered and clearly concluded that Jordan was guilty of willful and malicious conduct. The unambiguous language of the jury instructions mandates this finding. Under these circumstances, this court is bound by law to accord collateral estoppel effect to the verdict for damages rendered in the Oktibbeha County Circuit Court. Reliance on the decisions rendered against Jordan in the other court proceedings is corroborative, but unnecessary to resolve the plaintiff's motion herein.

## VI.

██ Jordan has also argued that the burden of proof in this bankruptcy adversary proceeding is greater than the burden of proof required to obtain the verdict for actual and punitive damages in the state civil court litigation. Because of the recent Supreme Court decision, *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991), Jordan's argument is misplaced. The ordinary "preponderance of the evidence" burden is the standard of proof for both proceedings. In addition, as noted by the Fifth Circuit in *Matter of Luce*, 960 F.2d 1277 (5th Cir.1992), the *Grogan* standard should be applied retroactively.

## VII.

In summary, the court finds that the verdict for actual and punitive damages,

rendered by the jury in the civil cause of action litigated in the Circuit Court of Oktibbeha County, must be given collateral estoppel effect in this adversary proceeding. As such, the defendant is precluded from relitigating whether or not his conduct, which precipitated the entry of the judgment, was willful and malicious. The previous determination was unfavorable to the defendant, and it cannot now be disturbed. Even if the entire criminal proceedings are unraveled to the point that the defendant stands exonerated of criminal conduct, the civil judgment for actual and punitive damages, which was rendered on a lesser standard of proof than the criminal conviction, will not be nullified. Therefore, this court is of the opinion that the plaintiff's motion for summary judgment should be sustained. The defendant's counterclaim against the plaintiff for interest paid on the civil judgment, while this bankruptcy case was pending in Chapter 11, is not well taken and it must be dismissed with prejudice.