In re James H. SAMS.

A.G. EDWARDS AND SONS, INC., Plaintiff,

v.

James H. SAMS, Defendant.

Bankruptcy No. 93–20220.
Adv. No. 93–2158.

United States Bankruptcy Court,
N.D. Mississippi.

Jan. 7, 1994.

**74**

Martin R. Jelliffe and James R. Mozingo, Edmonson, Biggs, Mozingo & Jelliffe, Jackson, MS, for James H. Sams.

Scott F. Leary, Forman, Perry, Watkins & Krutz, Jackson, MS, for A.G. Edwards & Sons, Inc.

Joseph Leray McNamara, McNamara, Kelly & Welsh, Jackson, MS, for Deposit Guar. Nat. Bank.

### *OPINION*

DAVID W. HOUSTON, III, Bankruptcy Judge.

On consideration before the court is a motion for summary judgment filed by the plaintiff, A.G. Edwards and Sons, Inc.; response to said motion having been filed by the debtor, James H. Sams; and the court having considered same, hereby finds as follows, to-wit:

### I.

This court has jurisdiction of the subject matter of and the parties to this adversary proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(B)(2)(A), (B), (I) and (O).

### II.

Summary judgment should only be granted when there are no genuine issues of material fact and one party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party must present its basis for the motion; the non-moving party then has a duty to present enough evidence to indicate the existence of a factual dispute. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

It is not the function of the court to weigh the evidence and determine its credibility, but to decide whether there is a genuine issue for trial.

The court must, however, determine if the factual issues are material. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 211 (1986).

### III.

On or about October 12, 1982, a brokerage account was opened at A.G. Edwards and Sons, Inc., (hereinafter Edwards), by the debtor, James H. Sams, (hereinafter Sams), through his execution of an option account agreement. Except for non-spurious federal securities claims, the agreement provided that any controversy would be decided through arbitration.

On or about July 3, 1984, Lindsey Sams, the debtor's wife, opened a similar account with Edwards. Following Mrs. Sams' death in 1987, the executor of her estate, First Columbus National Bank, filed an arbitration complaint with the National Association of Securities Dealers, alleging that Edwards and its representative, S. Gray Jackson, Jr., had traded Mrs. Sams' account in an unauthorized manner and had invested in highly speculative securities which were not suitable for her needs.

As a part of its defense to the arbitration complaint, Edwards asserted a third party claim against Dr. Sams, asserting that he had defrauded Edwards by authorizing the trans-

actions that had occurred in Mrs. Sams' account, while representing to Edwards that she was aware of and had authorized each of the transactions.

Dr. Sams filed a complaint against Edwards in the United States District Court for the Northern District of Mississippi on March 1, 1989, seeking a declaratory judgment that he should not be forced to participate in the arbitration proceeding since it was initiated by a third party complaint. Edwards answered Sams' complaint asserting that its third party complaint was within the scope of the arbitration clause. The district court determined that the third party claim was within the scope of the arbitration clause, and commented that Edwards' claim against Sams was basically a state law fraud cause of action.

The arbitration proceeding consumed a total of four days. Sams was represented by counsel and participated in the arbitration proceedings during three of the four days. Sams was subject to direct and cross examination, and his attorney examined other witnesses. Sams and his attorney voluntarily elected not to be present for closing arguments that were held on the fourth day.

The decision of the National Association of Securities Dealers, (NASD), referred to as an award and rendered in September, 1991, included the following conclusions:

(a) That Sams was represented by counsel;

(b) that Sams had waived any contest of jurisdiction and was bound by the determination of the arbitration panel on all issues submitted;

(c) that A.G. Edwards and its representative, S. Gray Jackson, Jr., were jointly and severally liable to the Estate of Lindsey Sams for the sum of $185,609.61, inclusive of interest; and

(d) that the third party respondent, Dr. Sams, was liable to Edwards for the sum of $92,805.00.

The NASD award was confirmed in the United States District Court for the Western District of Tennessee.

Sams filed a voluntary petition for reorganization under Chapter 11 on January 28, 1993. Edwards timely filed this adversary proceeding, alleging that its judgment against Sams was a nondischargeable debt as contemplated by 11 U.S.C. § 523(a)(2)(A) and § 523(a)(6).

## IV.

In its motion for summary judgment, Edwards contends that Sams is precluded by the doctrine of collateral estoppel from relitigating the issues of fraud, as well as, willful and malicious conduct.

This court, on previous occasions, has had opportunities to determine the collateral estoppel effect of prior judgments in subsequent bankruptcy nondischargeability actions. In *State Farm Fire and Casualty Co. v. Dunn (In re Dunn)*, 95 B.R. 414 (Bankr. N.D.Miss.1988), State Farm, as the insurer, had become subrogated to the rights of a mortgagee/bank when the debtor's home was destroyed by fire. The debtor was subsequently convicted by a jury of first degree arson which, under the Mississippi statute, necessitated a finding that the accused "willfully and maliciously" set fire to the dwelling. After the debtor filed bankruptcy, State Farm filed a complaint to deny dischargeability, claiming that the debt was the product of a willful and malicious injury to property. State Farm then filed a motion for summary judgment alleging that the arson conviction collaterally estopped the debtor from relitigating the issue of his willful and malicious conduct. This court sustained the motion for summary judgment recognizing that the arson conviction was conclusive as to the issue of the debtor's conduct.

The matter of *Berry v. McLemore (In re McLemore)*, 94 B.R. 903 (Bankr.N.D.Miss. 1988), was another nondischargeability cause of action. While employed as a police officer, the debtor, McLemore, stopped Berry for a traffic offense. A fist fight ensued which ended when McLemore drew his service revolver and shot Berry. Berry filed suit in the United States District Court and was awarded actual and punitive damages. When McLemore filed for relief under Chapter 7 of the Bankruptcy Code, Berry sought to have the judgment adjudicated as nondis-

chargeable pursuant to 11 U.S.C. § 523(a)(6). This court refused to apply the doctrine of collateral estoppel, as requested by Berry, because an examination of the jury trial record failed to reveal whether the jury had applied a "willful and malicious" standard or a "reckless disregard" standard in awarding punitive damages. The jury had been instructed that either standard could apply. After then conducting an independent analysis of the testimony elicited at the district court trial, the court found the debtor's conduct to have been willful, but not malicious as defined in *Seven Elves, Inc. v. Eskenazi,* 704 F.2d 241, 245 (5th Cir.1983). The debt evidenced by the judgment was discharged.

In *In re Dunn* and *In re McLemore,* several precedents, discussing the applicability of collateral estoppel in a bankruptcy dischargeability action, were cited by the court. In addressing the present matter, these authorities should be mentioned again.

In *Brown v. Felsen,* 442 U.S. 127, 139 n. 10, 99 S.Ct. 2205, 2213 n. 10, 60 L.Ed.2d 767 (1979) the Supreme Court addressed the issue of the applicability of collateral estoppel in a bankruptcy dischargeability action as follows:

> If, in the course of adjudicating a state law question, a state court should determine factual issues using standards identical to those of [§ 523 of the present Bankruptcy Code] then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues in bankruptcy court.
>
> *Id.*

In *In re Shuler,* 722 F.2d 1253 (5th Cir. 1984), the Fifth Circuit stated that collateral estoppel may be invoked in a dischargeability action. The court enunciated the following test for applying the doctrine of collateral estoppel in the Fifth Circuit: (i) the issue to be precluded must be identical to that involved in the prior action, (ii) the issue must have been actually litigated in the prior action, and (iii) the issue determination in the prior action must have been necessary to the resulting judgment. *Id.* at 1256 n. 2. See also *White v. World Finance of Meridian, Inc.,* 653 F.2d 147, 151 (5th Cir.1981).

The aforementioned authorities were also cited with approval by this court in *In re Horowitz,* 103 B.R. 786 (Bankr.N.D.Miss. 1989), and *In re Jordan,* 151 B.R. 373 (Bankr.N.D.Miss.1992).

■ The court must first decide whether or not collateral estoppel effect can be given to arbitration proceedings. The court looks to *Universal American Barge Corp. v. J–Chem, Inc.,* 946 F.2d 1131 (5th Cir.1991), where the Fifth Circuit stated, ... *"The application of collateral estoppel from arbitral findings is a matter within the broad discretion of the district court,* (citations omitted), and a district court's discretion in deciding whether to give arbitral findings preclusive effect also keeps the risk of prejudice at an acceptable level, at least when the arbitral pleadings state issues clearly, and the arbitrators set out and explain their findings in a detailed written memorandum." *Universal, id.* at 1137 (emphasis added). "A district court in exercising its discretion must carefully consider whether procedural differences between arbitration and the district court proceeding might prejudice the party challenging the use of offensive collateral estoppel." *Id.*

The court, after looking at the NASD award in this matter, observes that the arbitration panelists did not explain their findings in detail in their written decision. The award states that Edwards asserted a third party claim against Sams for indemnity and contribution. It then concludes without elaboration that Sams was liable to Edwards for the sum of $92,805.00. The award does not specify the grounds on which this conclusion is based.

Edwards contends that the award against Sams was clearly based on a state law fraud claim, but the language in the arbitration award does not support this contention, nor does it necessarily negate the contention. This court cannot point to anything that precisely identifies why the arbitrators decided as they did.

The transcript of the arbitration proceedings did not identify with any reasonable degree of certainty the procedural standards that were applied to govern the admissibility

of evidence, so that a comparison could be made to those standards that would be utilized by this court or another judicial forum of competent jurisdiction. The court noted several instances, coincidentally, where evidence, otherwise inadmissible under the Federal Rules of Evidence, was apparently considered.

The court is, therefore, of the opinion that since it has broad discretion in whether or not to give arbitral findings preclusive effect, that collateral estoppel should not apply in this situation.

■ Edwards also argues that collateral estoppel effect should be given to the decision of the United States District Court, in the declaratory judgment action brought by Sams, where the court stated that Edwards' claim against Sams was basically a state law fraud cause of action. The court is of the opinion that the only collateral estoppel effect that can be given this ruling is that Sams was bound to arbitrate the claim filed against him through Edwards' third party complaint. Edwards' effort to "bootstrap" the categorization of the claim by the district court with the decision rendered by the arbitration panel into preclusive collateral estoppel effect on the issue of fraud is almost as ridiculous as asking this court to give collateral estoppel effect to the arbitration award on the issue of willful and malicious injury, which was raised for the first time in Edwards' nondischargeability complaint.

The motion for summary judgment filed by Edwards is not well taken and will be overruled by a separate order of this court.