**In re Steven Jay SIEFKE, Debtor.**

**Addison H. CLARK, Plaintiff,**

**v.**

**Steven J. SIEFKE a/k/a Steven Jay Siefke, Defendant.**

**Bankruptcy No. 283–00373.
Adv. No. 284/0002.**

United States Bankruptcy Court,
D. Montana.

May 28, 1986.

Gregory Paskell, Kalispell, Mont., for debtor.

H. James Oleson, Kalispell, Mont., for plaintiff.

## ORDER

JOHN L. PETERSON, Bankruptcy Judge.

On January 9, 1984, the Plaintiff filed a complaint seeking an order of non-dischargeability under Section 523(a)(6) of the debt owed to him by the Debtor. After answer, trial of the cause was deferred pending conclusion of a state court action to allow Plaintiff to liquidate his damages. On April 15, 1986, judgment was entered in state court in favor of the Plaintiff and against the Debtor in the sum of $1.00 compensatory damages, $10,000.00 punitive damages and court costs of $39.00 for a total judgment of $10,040.00. Hearing on the objection to discharge was held on April 29, 1986. After hearing, the Defendant was granted ten (10) days to file his brief in this cause, but no brief has been filed.

The facts developed at trial show that on June 21, 1981, Plaintiff was a police officer for the Kalispell City Police Department and, while acting in his official capacity, stopped a motor vehicle for motor vehicle violation. The Debtor was the driver of the automobile and appeared to be in an intoxicating condition. The Debtor, in fact, has admitted he drank heavily for years, was a chronic alcoholic, suffered from blackouts and was debilitated because of a long existing alcohol problem. After arrest, the Debtor agreed to take a gas chromatograph test which showed 0.204% blood alcohol content. The Debtor was taken to the county jail and booked for driving while under the influence of alcohol. In the process of booking the Debtor, and while the Plaintiff had his back turned to the Debtor, the Debtor violently struck the Plaintiff, inflicting serious physical harm consisting of a broken jaw and cerebral concussion, from which the Plaintiff has permanent damage. According to the Plaintiff, the Debtor was cognizant of what was happening at the time of his arrest and booking, had no prior history with the Plaintiff, and the Debtor's assault was unprovoked. The Debtor claims his intoxicating state was such that he cannot remember striking the Plaintiff. He did admit that he told the county attorney after the altercation that his striking Plaintiff was as hard as he has hit anyone. The Debtor was charged and convicted of aggravated assault, sentenced to state prison and is now on parole. Thus the assault by the Debtor and his intoxication are admitted.

Section 523(a)(6) provides:

"(a) A discharge under Section 727, 1141 or 1328(b) of this title does not discharge an individual debtor from any debt—

(6) for wilful and malicious injury by the debtor to another entity or to the property of another entity;"

As stated in 3 *Collier on Bankruptcy*, Sec. 523.16, pp. 523–129/133:

"The word 'wilful' means 'deliberate or intentional', a deliberate and intentional act which necessarily leads to injury. Therefore, a wrongful act done intentionally, which necessarily produces a harm and is without just cause or excuse, may constitute a wilful and malicious injury.

\* \* \* \* \* \*

Liabilities arising from assault or assault and battery are generally considered as founded upon a wilful and malicious injury and are therefore within the exception."

The above quote was followed in *In Re Pinter (Smith v. Pinter)*, 696 F.2d 447 (6th Cir.1982).

I find malice in this case from the extent of the beating administered by the Debtor. No one, without utter disregard for human well being, would strike a person with such vicious consequences without meaning to intentionally hurt that individual. Nor is the fact that Debtor was an alcoholic, and intoxicated at the time, sufficient to relieve him of his violent act. See *In Re Adams*, 761 F.2d 1422 (9th Cir.1985), where in a drunken driving case the circuit court held such action constitutes sufficiently intentional conduct to support a finding of wilfulness and malice. Accord: *In Re Ray*, 51 B.R. 236, (BAP, 9th Cir.1985). Moreover, *Adams*, holds that all liabilities, both com-

pensatory and punitive damages, are non-dischargeable, *id.* 761 F.2d at 1428.

IT IS ORDERED the Plaintiff shall have judgment against the Defendant in the sum of $10,040.00, plus interest, and such debt is non-dischargeable under Section 11 U.S.C. 523 (a)(6).