Alex C. Morrison, Plains, Mont., for plaintiffs.

Neal G. Jensen, Great Falls, Mont., Asst. U.S. Trustee.

**In re Robert Lawrence TUMA, Debtor.**

**Edward ROBERTS, and Jackie Roberts, Plaintiffs,**

**v.**

**Robert Lawrence TUMA, Defendant.**

**Bankruptcy No. 89–30876.**
**Adv. No. 289/0087.**

United States Bankruptcy Court, D. Montana.

Feb. 28, 1990.

### ORDER

JOHN L. PETERSON, Bankruptcy Judge.

In this adversary proceeding, the plaintiff, Edward Roberts [1], filed a Complaint against the Debtor/Defendant, Robert Tuma, claiming the debt of $23,526.00 is non-dischargeable under Section 523(a)(6) of the bankruptcy Code. Trial of this matter, after answer, was held on January 8, 1990, with testimony of the plaintiff (by deposition) and the defendant. The matter has now been briefed and is ripe for decision.

The facts are in dispute. At a Super Bowl party in 1984, at a VFW post in Macomb County, Michigan, the plaintiff and defendant became involved in an altercation where the defendant struck the plaintiff in the mouth with his fist, causing plaintiff injury. Plaintiff contends, and I so find, that the assault was unprovoked. The plaintiff was standing near the bar, when the defendant approached him, verbally accosted plaintiff and then, without warning, struck the plaintiff in the face. Before the blow, the defendant stated that he intended to "blast" plaintiff in the face, which defendant then proceeded to accomplish. The defendant admitted at trial that he, in fact, struck the plaintiff, but that it was in self defense. I reject such testimo-

---

**1.** While the Complaint includes a Jackie Roberts, no testimony or evidence has been introduced to support any allegation of nondis-chargeability as to that plaintiff so that this proceeding is presented for determination only in behalf of Edward Roberts.

ny and find the defendant was the aggressor at all times in the melee. As a result of the assault, plaintiff, Edward Roberts, received a civil jury award in a Michigan state court in the sum of $23,526.00, which included a jury award of $15,000.00 as damages for personal injury. The Order of judgment states in part that "Robert Tuma intentionally struck Plaintiff, Edward Roberts."

The law in this circuit regarding a non-dischargeable debt under § 523(a)(6) has been recently expressed in *In re Strybel*, 105 B.R. 22, 23 (9th Cir. BAP 1989), where the court held:

"Title 11 U.S.C. § 523(a)(6) provides:

(a) A discharge under ... this title does not discharge an individual debtor from any debt-

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

11 U.S.C. § 523(a)(6). Section 523(a)(6) holds nondischargeable all debts arising from injuries 'willfully and maliciously' inflicted on the person or property of another.

The definition of 'willful' for the most part is undisputed. The committee notes and the courts have interpreted willful as synonymous with deliberate or intentional. *Perkins v. Scharffe*, 817 F.2d 392, 393 (6th Cir.1987); *In re Franklin*, 726 F.2d 606, 610 (10th Cir.1984).

Malicious, on the other hand, is a term that has caused conflict among the courts. Some courts require evidence of specific intent to injure to establish 'malice' under § 523(a)(6), while other courts hold that 'malice' can be implied from the facts and circumstances of the case. *In re Hodges*, 4 B.R. 513, 515 (Bankr.W.D. Va.1980); *see In re Dean*, 79 B.R. 659, 662 (Bankr.N.D.Tex.1987).

The Ninth Circuit has interpreted 'willful and malicious' as referring to a wrongful act, done intentionally, which necessarily causes injury and is without just cause or excuse. *In re Cecchini*, 772 F.2d 1493, 1496 (9th Cir.1985). Under this interpretation the intent to harm or injure may be inferred from the wrongful conduct itself. The Ninth Circuit is among those courts that follow a looser standard by interpreting willful and malicious merely to mean a wrongful act, done intentionally, that necessarily produces harm and is without just cause or excuse."

In *Clark v. Siefke*, 61 B.R. 220, 221, 2 Mont.B.R. 215, 217 (Bankr.Mont.1986), this Court held:

"As stated in 3 *Collier on Bankruptcy*, Sec. 523,16, pp. 523–129/133:

'The word "willful" means "deliberate or intentional", a deliberate and intentional act which necessarily leads to injury. Therefore, a wrongful act done intentionally, which necessarily produces a harm and is without just cause or excuse, may constitute a willful and malicious injury.

\* \* \* \* \* \*

Liabilities arising from assault or assault and battery are generally considered as founded upon a willful and are therefore within the exception.'

The above quote was followed in *In re Pitner (Smith v. Pitner)*, 696 F.2d 447 (6th Cir.1982)."

In this present case, the act of striking the plaintiff was clearly intentional, and the defendant does not argue otherwise. I further conclude from the evidence that the act was malicious, since the defendant had a pre-disposition to harm the plaintiff, based on his verbal statement that he intended to "blast" plaintiff in the face. No just cause or excuse has been shown to justify such conduct. Accordingly, the debt of $23,526.00 owing to the plaintiff by the Debtor is non-dischargeable under Section 523(a)(6) of the Code.

IT IS ORDERED the Clerk shall enter judgment in favor of the plaintiff, Edward Roberts, and against the defendant, Robert Lawrence Tuma, in the sum of $23,526.00, and such judgment debt is non-dischargeable under 11 U.S.C. Section 523(a)(6).