**Don Neal PUTMAN and Annie Ruth Putman, Individually and as Parents, Natural Guardians, and Next Friends of Angela K. Putman, a Minor, Plaintiffs,**

v.

**INSURANCE COMPANY OF NORTH AMERICA, Defendant.**

No. DC86–169–S–D.

United States District Court, N.D. Mississippi, Delta Division.

Oct. 30, 1987.

Richard T. Phillips, Smith, Phillips & Mitchell, Batesville, Miss., for plaintiffs.

L.F. Sams, Jr., Thomas D. Murry, Mitchell, McNutt, Bush, LaGrone & Sams, Tupelo, Miss., for defendant.

## OPINION

SENTER, Chief Judge.

This cause arises from an automobile accident occurring at the intersection of Detter Street and Dunlap Street in Batesville, Mississippi, at 9:30 p.m. on March 10, 1984. John J. Allen (age 16) was driving a maroon 1980 Malibu owned by his father, Everette A. Allen. Three other teenagers were passengers in the car. They were Robert Lee York (age 17), Lisa Hudson (age 17), and Angela Putman (age 16).

Everette Allen was the sole proprietor franchisee of the McDonald's hamburger chain in Batesville. All four teenagers in the accident were present or former employees of the franchise. The Malibu automobile was frequently used to run errands in the conduct of the business. John Allen drove the vehicle for this purpose on many occasions. Everette Allen states that he signed John's application for a driver's license primarily to enable John to run these errands. John Allen also used this vehicle to drive to school.

The Malibu was insured for $100,000.00 per accident coverage by State Farm Insurance. Everette Allen also had a $15,000,-000.00 umbrella indemnity policy covering his McDonald's franchise.

John Allen states in his depositions that he had not worked in McDonald's on the day of the accident. He states that on the night of the accident, he had driven to Lee York's house. They then drove around Batesville for a while, stopping at McDonald's to determine when Lisa Hudson would get off work. They returned to McDonald's to pick up Lisa Hudson. The three of them then began driving on the "loop," a section of Mississippi Highway 6 where Batesville teenagers hung out. They saw Angela Putman alone in her father's truck and invited her to join them.

They were driving around when the accident occurred.

Lee York states in his deposition that on the night of the accident, he was picked up by John Allen. They then went to pick up Lisa Hudson at her house. They then went to McDonald's, and John Allen went into the office for fifteen minutes. They then went to the Allen house and returned to McDonald's. York states that they then began cruising the loop. The remainder of his testimony as to the events is substantially the same as John Allen's.

Lisa Hudson states in her deposition that on the night of the accident, she went to John Allen's house. They left the Allen residence to pick up Lee York. Allen and York looked at the speakers in the car. Hudson states that she does not recall John Allen running any errands that night, but states that "there's a lot of things that I don't remember about this." She states that they then began driving around. The remainder of her testimony is substantially the same as Allen's and York's.

John Allen lost control of the car as he approached the intersection of Detter Street and Dunlap Street. The car struck the stop sign on the opposite side of the intersection and came to rest beside a large tree. The car may have struck the tree as well. All of the occupants were injured, but only Angela Putman was seriously injured. She was unconscious at the scene. She had a badly broken arm and had received a blow to the face. This had caused a fracture in the skull separating her face from the base of the skull and a separation of one cheek bone from the rest of the face. She also had a hemorrhage in her brain in the area just above the eye on her left side. This has resulted in permanent injury to her brain. She also had many deep cuts on her face.

On June 10, 1985, a complaint was filed in the Circuit Court of Panola County. Paragraph 7 of the complaint specified:

That the Defendant JOHN J. ALLEN at the time of the collision and at the time of the aforesaid negligence and misconduct on the part of said Defendant, was under the age of 17 years. That the Defendants, EVERETTE ALLEN and MARY A. ALLEN, signed the application for the Mississippi driver's license under which JOHN J. ALLEN was driving at the time of said collision. That said Defendants EVERETTE ALLEN and MARY A. ALLEN are liable under Section 63-1-25, Mississippi Code of 1972, Annotated, as amended, and other applicable Mississippi law, for the negligence of the said Defendant JOHN J. ALLEN which negligence is imputed to Defendants EVERETTE ALLEN and MARY A. ALLEN and that all said Defendants are jointly and severally liable for damages suffered by Plaintiffs and their minor daughter, ANGELA K. PUTMAN.

The complaint does not mention the McDonald's franchise, nor does it state that the accident occurred in an activity "necessary or incidental to" the operation of that franchise. No other grounds for liability are asserted against Everette Allen.

Allen requested that State Farm Insurance (his personal automobile insurer) and Insurance Company of North America (his business umbrella policy insurer) defend him in that action.

The umbrella policy provides that the insurer, Insurance Company of North America (INA), will "have the right and duty to defend any suit against the insured seeking damages on account of such personal injury, property damage or advertising injury, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient; but INA shall not be obligated to pay any claim or judgment or to defend any suit after INA's limit of liability has been exhausted by payment of judgments or settlements." The policy includes within its definition of the insured "any person while using, with permission of the Named Insured, any automobile or aircraft owned by, loaned to or hired for use by or on behalf of the Named Insured and any person or organization legally responsible for the use thereof, providing the actual operation or other actual use is within the scope of such permission and any officer, director

or stockholder of the Named Insured with respect to the use of an automobile or aircraft not owned by the Named Insured but only while such automobile or aircraft is being used in the business of the Named Insured." An endorsement to the policy provides "that such insurance as is afforded by the policy shall only apply to operations necessary or incidental to the administration, operation, development, maintenance, promotion or advertising of such McDonald's restaurant facilities."

On October 25, 1985, INA's claims manager wrote Everette Allen a letter refusing coverage or defense on the grounds (1) that the automobile was neither registered nor insured in the franchise name and (2) that the automobile was being operated by his son in a nonbusiness purpose at the time of the accident.

On September 2, 1986, INA filed with this court a suit (Cause DC86–143–NB–O) for declaratory judgment seeking to define INA's liability under this policy for the accident. Defendants in that action were Everette A. Allen, Mary A. Allen, John J. Allen, Don Neal Putman, Annie Ruth Putman, and Angela K. Putman. DC86–143–NB–O was voluntarily dismissed under Fed.R.Civ.P. 41(a)(1) on September 16, 1986.

On September 16, 1986, the plaintiffs moved for summary judgment in the Circuit Court action. In their motion for summary judgment, the plaintiffs stated "that on June 20, 1983 (the date John J. Allen applied for a driver's license) the Defendant, EVERETTE ALLEN, owned McDonald's of Batesville as a sole proprietorship. Defendant, JOHN J. ALLEN, was employed by McDonald's of Batesville on a part-time basis and that driving an automobile was a part of his employment at McDonald's." No other mention of the franchise or John Allen's driving duties was made in the motion.

On September 26, 1986, the parties to the action filed a stipulation with the circuit court. In this stipulation, the defendants confessed liability to the plaintiffs and agreed to submit the case to the circuit court on damages alone. The stipulation further agreed that a judgment in excess of the $100,000.00 coverage by State Farm would not "operate as a lien against any personal property of the Defendants or in any manner be enforceable against the personal property, real property or any other type of asset owned by any of the Defendants with the sole exception of any other liability policies such as might apply providing liability coverage for this incident including but not limited to INA policy number XBC 154054." The defendants also agreed in the stipulation to assign to the plaintiff all rights of the defendants to recover for the accident under all liability policies.

On October 1, 1986, INA filed a suit for declaratory judgment in the Southern District of Mississippi identical to that dismissed in the Northern District on September 16, 1987. On October 24, 1986, the circuit court entered judgment for the plaintiffs in the amount of $2,100,000.00. On October 29, 1986, this cause, DC86–169–LS–D, was filed. On March 23, 1987, J86–0729(B) was dismissed by Judge Barbour in the Southern District of Mississippi. This cause is currently before the court on cross-motions for summary judgment.

## CONTENTIONS OF THE PARTIES

Defendant, Insurance Company of North America, moves for summary judgment on two grounds. The first ground is that the policy only indemnifies Allen from losses to his business and that the stipulation admitting liability and absolving Allen from personal liability for the accident therefore eliminated any liability of INA for the accident. The second ground is that the accident in question did not come within the terms of the policy because the operation of the vehicle at the time of the accident was not an activity incidental to those operations of the business covered under the policy.

Plaintiff moves for summary judgment on the case as a whole, stating that there is no genuine issue of material fact as to the liability of the defendant under the policy.

## CONCLUSIONS OF LAW

### Standard For Summary Judgment

█ The court has examined the contentions of the parties in light of the relevant facts and, for the reasons set forth below, sustains the defendant's motion for summary judgment. As the court finds that INA had no liability under the policy, the plaintiffs' motion for summary judgment is necessarily denied. Because this cause comes before the court under Fed.R. Civ.P. 56, the court must examine each issue in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, ——, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 211 (1986); *Phillips v. OKC Corp.*, 812 F.2d 265, 272 (5th Cir. 1987). The moving party must demonstrate to the court the basis on which it believes that summary judgment is justified. The nonmoving party must then show that a genuine issue of material fact arises as to that issue. *Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Leonard v. Dixie Well Service & Supply, Inc.*, 828 F.2d 291 (5th Cir.1987). An issue is genuine if "there is sufficient evidence favoring the nonmoving party for a factfinder to find for that party." *Phillips*, 812 F.2d at 273. A fact is material if it would "affect the outcome of the lawsuit under the governing substantive law." *Phillips*, 812 F.2d at 272.

█ The issues in this cause are questions of construction of the language of the insurance policy issued by INA. If the terms of a contract are clear, questions as to its construction are issues of law for the court even though the parties disagree as to the meaning of those terms. *Hicks v. Quaker Oats Company*, 662 F.2d 1158, 1175 (5th Cir.1981). This is so even where the provisions of the contract are not perfectly clear. *Smith v. First Federal Savings and Loan Association*, 460 So.2d 786, 790 (Miss.1984). Mississippi law requires that the words of the contract be given their ordinary meaning. *Mississippi Power and Light v. United Gas Pipeline*, 760 F.2d 618 (5th Cir.1985).

### Accident Not "Incidental to" Operation of Franchise

█ INA states that there was no occurrence within the definition of the policy as a result of the accident because the activities of John Allen at the time of the accident were not "necessary or incidental to the administration, operation, development, maintenance, promotion or advertising of such McDonald's restaurant facilities." The plaintiff contends that the acts of John Allen on that evening were activities *incidental* to the business. The plaintiff bases this contention on the following facts:

(1) Everette Allen's testimony that family ties to the local community were important in developing his McDonald's franchise and that he encouraged his children to be socially active (Affidavit of Everette Allen, January 6, 1987);

(2) Everette Allen's testimony that allowing John Allen to run errands for McDonald's was one of the primary reasons that he agreed to sign the application for the driver's license (Affidavit of Everette Allen, January 6, 1987); and

(3) All of the teenagers in the car with John Allen were or had been employees of the McDonald's of Batesville (Affidavit of Everette Allen, January 6, 1987).

This contention must fail. Taken alone, Everette Allen's signature on his son's application for a driver's license created no liability. The accident was the "proximate cause" of the liability. Therefore, it is the facts and circumstances surrounding the accident which must be examined to determine whether the activities of that evening were "incidental" to the covered operations of the McDonald's franchise. The undisputed facts show that at the time of the accident, John Allen and his friends were driving around the streets of Batesville for their own pleasure. They were not carrying out an errand for the franchise. Those that were currently employed by the franchise had either clocked out for the day or had not worked that day. They were not on their way to a company sanctioned social function.

Plaintiffs imply that John Allen was in furtherance of his father's policy of maintaining community ties when driving around with his friends. The evidence shows that Everette Allen was unaware of his son's activities that night and that Everette Allen was unaware of whether his son regularly took friends for rides in the car. Deposition of Everette Allen, September 25, 1985, p. 12. Everette Allen further states that he did *not* actively encourage his employees to socialize with one another after work. Deposition of Everette Allen, September 25, 1985, pp. 19–20. Examining these facts in the light most favorable to the plaintiff shows only the merest scintilla of proof that the activities of John Allen on the night of the accident were connected to the promotion of Everette Allen's McDonald's franchise. A mere scintilla is insufficient to prevent issuance of summary judgment. *Liberty Lobby,* 477 U.S. at ——, 106 S.Ct. at 2510–11, 91 L.Ed.2d at 212; *St. Amant v. Benoit,* 806 F.2d 1294, 1297 (5th Cir.1987). Summary judgment for the defendant is appropriate as to this issue.

### INA Had No Obligation to Pay Under The Contract

The circuit court stipulation contained a provision that any judgment in excess of $100,000.00 would not operate as a lien against any asset of the Allens with the "sole exception" of any liability policies which might provide coverage. Everette Allen also purported to transfer his rights in such policies to the Putmans. The umbrella policy obliges INA to pay only "the sum actually paid or payable in cash in the settlement or satisfaction of losses for which the injured in liable ... by adjudication." INA contends that under the terms of the stipulation, Allen sustained no loss and that, therefore, INA is not liable.

Putman states that INA was aware of statements by Everette Allen that one of the main reasons he signed his son's application for license was to enable John Allen to perform work at McDonald's. Putman argues that the coupling of that information with the clear allegation of liability under Miss.Code Ann. § 63–1–23 created a

duty under the policy to defend Allen. Putman contends that the breach of the contractual duty to defend prevents the insurer from asserting that there is no liability under another provision of that contract because the insured is not legally obligated to pay the judgment.

### Duty to Defend

■ It is the nature of the claim that is to be considered and not its merits in determining whether a duty to defend is created. 14 *Couch on Insurance 2d* § 51:48 (1982). The duty of the insurer to defend is determined by the allegations of the complaint. *Southern Farm Bureau Casualty Insurance Co. v. Logan,* 238 Miss. 580, 119 So.2d 268, 271 (1960). "Only if the pleadings state facts 'bringing the injury within the coverage of the policy' must the insurer defend." *Foreman v. Continental Casualty Co.,* 770 F.2d 487, 489 (5th Cir.1985). In *Logan,* the plaintiff was an employee of the insured. The policy excluded employees from its coverage. The complaint alleged that the plaintiff was injured while attempting to get back in the insured's truck after unloading cans of milk. The complaint did not allege that plaintiff was an employee. The insurer knew that the plaintiff was an employee and denied a request to defend based on the employee exclusion. The court there found that the insurer had a duty to defend because the complaint did not allege that the plaintiff was an employee.

The situation in this cause mirrors that in *Logan.* The INA policy excludes coverage for all occurrences except those occurring in or incidental to certain operations of the McDonald's franchise. The complaint did not allege that the acts injuring Angela Putman were in or incidental to the activities of the McDonald's franchise. The complaint did not create a duty in INA to defend Allen.

■ Even extending the duty to defend to include facts known by the insurer but not alleged in the complaint does not create a duty here. *See Mavar Shrimp & Oyster Co. v. U.S. Fidelity & Guaranty Co.,* 187 So.2d 871 (Miss.1966). INA's knowledge of Everette Allen's reasons for signing his

son's driver's license application and the facts alleged in the complaint combined do not state a claim which the company would reasonably apprehend as coming within the scope of the policy. As discussed above, it is the facts of the accident itself which must show that the accident was incidental to the franchise and not the reasons behind the act which impute the later negligence. Further, *Mavar* is readily distinguishable from this cause in that the key issue, whether an individual working under a specific contract was an employee, had been previously litigated and had been resolved in those cases in such a way as to create liability under the policy. The question here is one of first impression. The duty of the insurer would clearly be greater under the facts of *Mavar* than it is under these facts. The court concludes that INA had no duty to defend this action.

### Obligation to Pay Was Condition Precedent For Coverage

In the absence of a breach of the duty to defend, the insurer is free to take refuge in the language of the contract. The contract here obligates INA to pay those sums "payable in cash ... for which the *insured* is liable." This language plainly states that Everette Allen must be personally liable before INA has any obligation to pay. The stipulation creates no liability for Everette Allen. Consequently, INA has no obligation to pay under the stipulation.

### CONCLUSION

In summary, the court concludes that the accident in which Angela Putman was injured was not an occurrence within the meaning of the policy and no liability to INA was created by the accident. The court concludes that the duty to defend is to be determined by the allegations of the complaint and that the complaint in the Circuit Court of Panola County did not give rise to such a duty. The court also concludes that the policy does not create liability in INA unless judgment or settlement creates personal liability in the insured. The stipulation in this cause creates no

liability in Everette Allen and thereby creates no liability in INA. The defendant INA's motion for summary judgment is accordingly sustained and the complaint should be dismissed.

In the absence of any liability by INA, the plaintiffs' motion for summary judgment is denied.

An order in conformity with this opinion shall issue.