**Stephen T. JONES, et al., Plaintiffs,**

v.

**HARTFORD ACCIDENT AND INDEMNITY COMPANY, et al., Defendants.**

**Civ. A. No. J87–0132(B).**

United States District Court,
S.D. Mississippi,
Jackson Division.

June 15, 1989.

Charles G. Copeland, Copeland Cook Taylor & Bush, Jackson, Miss., for plaintiffs.

Lawrence C. Gunn, Jr., Hattiesburg, Miss., for defendants.

## MEMORANDUM OPINION AND ORDER

BARBOUR, District Judge.

This case is before the Court on Motion of the Plaintiff for Summary Judgment. The Court has reviewed the pleadings, memoranda, exhibits and affidavits submitted by the parties and finds no continuing question of material fact. The Court finds the Motion of the Plaintiffs well taken and will grant summary judgment.

### I.

This action is one of several suits related to the July 15, 1985, blow-out of the E.N. Ross No. 2 gas well in the Johns Field in Rankin County, Mississippi, which was operated by Tomlinson Interests, Inc. ("Tomlinson"), among others. The case was brought in the Circuit Court of Rankin County, Mississippi, by residents of Rankin County who lived near the E.N. Ross No. 2 well against the bankruptcy estate of Tomlinson, and others who were associated with the well. Tomlinson was insured under three insurance policies issued by Hart-

ford Accident and Indemnity Company and Hartford Casualty Insurance Company (collectively "Hartford") who furnished comprehensive general liability coverage to Tomlinson. Other forms of insurance were in force through various underwriters. Tomlinson was defended in Rankin County by Hon. Curtis E. Coker, who was retained and paid by Hartford. Following three days of trial in the state court, the parties entered an Agreed Judgment which stated:

> IT IS, THEREFORE, ORDERED AND ADJUDGED by the Court that the Plaintiffs herein, collectively, have and recover of and from the Defendants Gary J. Knostman, Trustee of the Estate in Bankruptcy of Tomlinson Interests, Inc., Dan Pierce, and Pierce–Petro Management, Inc., jointly and severally, the total sum of $1,665,283.00 for which proper process may issue....
>
> FURTHER, the parties herein have agreed, and it is hereby ordered that Hartford Insurance Company, as insurer for Gary J. Knostman, Trustee of the Estate in Bankruptcy of Tomlinson Interests, Inc., Dan Pierce and Pierce–Petro Management, Inc. shall pay $1,065,283.00 towards the satisfaction of this judgment, leaving a balance due on the judgment of $600,000.00. Counsel for Plaintiffs shall enter upon the records of the Court a partial satisfaction of the judgment in that amount. No interest shall accrue on the amount paid by Hartford Insurance Company for a period of twenty days after October 2, 1986. Interest shall accrue on the remaining balance of $600,000.00 and any funds not paid by Hartford after twenty days from October 2, 1986, as provided by law ...
>
> FURTHER, it is agreed by all parties herein, and it is hereby ordered by the Court that this Agreed Judgment shall not constitute a lien or encumbrance against the Estate of Bankruptcy of Tomlinson Interests, Inc., Gary J. Knostman (individually or as Trustee of said Estate), Dan Pierce, and Pierce–Petro Management, Inc., for their personal assets or properties (real or personal) but shall constitute only a lien and encumbrance against any insurance coverages

available to said Defendants which are applicable to the claims made in these causes, for which execution, garnishment, and other legal process may issue.

The proceeds of two Hartford policies, No. 61–CES–SA0639, providing primary liability coverage to Tomlinson, and No. 61 HUNV 1261, providing umbrella liability coverage to Republic Refining and Tomlinson, were paid in full following the settlement. A second umbrella policy, No. 61 HUNV 1262, being the policy at issue here, was either not known to counsel for the Plaintiff at the time or intentionally reserved from covering the amount to be paid prior to October 2, 1986.

The Plaintiffs filed Suggestions of Garnishment in state court against Hartford on the policy now before this Court and against Lloyds of London, another insurer of Tomlinson. Both of these garnishment actions were removed. The garnishment of the policy issued through Lloyds of London was subject to litigation in *Jones v. Southern Marine and Aviation Underwriters*, J87–0449(L).

The Plaintiffs now move for summary judgment against Hartford. The Defendants claim that Hartford is not liable for the payment of the balance of the judgment since the insured was released from personal liability by the judgment in state court. Defendants alternatively claim that the umbrella policy reflected a mutual mistake and that, if Hartford's first position is not well taken, the policy should be reformed to reflect the "true intent of the parties" that the policy not apply to this accident. Hartford has not otherwise claimed that its liability under this policy was satisfied by payments it has made.

## II.

■ The underwriters of Lloyds of London successfully avoided summary judgment in *Jones v. Southern Marine and Aviation Underwriters, Inc.*, J87–0449(L). Hartford seeks to rely upon the same precedents as the Lloyds underwriters but may not do so. In *Jones*, the Court applied *Putnam v. Insurance Company of North America*, 673 F.Supp. 171 (N.D.Miss.1987),

*aff'd.* 845 F.2d 1020 (5th Cir.1988), to find that the insurer could rely upon the language of the liability insurance policy to avoid payment of a judgment. This doctrine does not apply if the insurer has a duty to defend the insured and fails to do so. *Coblentz v. American Surety Company of New York,* 416 F.2d 1059 (5th Cir. 1969). However, in both *Putnam* and *Jones,* the language of the policy required liability of the insured for the company to be contractually bound. *Putnam,* 673 F.Supp. at 174 ("the sum actually paid or payable for ... losses for which the insured is liable.") *Jones* at 15. This doctrine merely allowed the insurers to take refuge in the language of their contracts, which were limited to the payment of amounts owed by the insured. That is not the case here.

■ Hartford Policy No. 61 HU NV1262 insured Tomlinson Interests, Inc. and others. This umbrella liability policy provided coverage such that

> The company will pay on behalf of the insured ultimate net loss in excess of the total applicable limit ... of underlying insurance or the amount of self-insured retention when no underlying insurance applies, because of bodily injury, personal injury, property damage or advertising damage to which this insurance applies, caused by an occurrence.

Form XL 12 1, p. 1. "Ultimate net loss" is defined as "all sums which the insured *and his or her insurers* shall become legally obligated to pay as damages, whether by final adjudication or settlement with the company's written consent after making proper deduction for all recoveries and salvages collectible." Form XL 12 1, p. 5–6. (Emphasis supplied by the Court).

Hartford admits that it retained counsel who signed the agreed judgment on behalf of Tomlinson. Furthermore, Hartford has paid the bulk of the agreed judgment, $1,065,283. Such a substantial payment rendered on the agreed judgment serves as conclusive evidence that no question arises as to "settlement with the company's written consent." This language is not the language construed in *Jones* or *Putnam.*

Here, the policy plainly states that the insurer will pay if the insured or his insurers become legally obligated to pay.

Defendant claims that Hartford and Tomlinson both admit to a mutual mistake in the policy. Defendant claims that the policy was to have a rider excluding coverage for this particular field. In support, Hartford presents affidavits of its representatives to this effect. However, statements made by the representative of Tomlinson do not agree. This dispute is not material because the Court specifically finds that there is no ambiguity in the language of the contract. Extrinsic evidence sought to vary the terms of a written contract is inadmissible if there is no ambiguity in the written contract. *Great Atlantic and Pacific Tea Co. v. Lackey,* 397 So.2d 1100 (Miss.1981). The Defendant's argument that the policy should be reformed is not well taken.

The Court finds that the Hartford policy insures the Tomlinson wells, that the policy on its face provides umbrella liability coverage beyond policies upon which Hartford has already paid, and that Hartford is bound to satisfy the judgment against it. Insurance policy proceeds are properly subject to garnishment in Mississippi. *Briggs v. Benjamin,* 467 So.2d 932, 934 (Miss. 1985). The Court therefore finds that the Defendants are liable to Plaintiffs for the amount remaining unsatisfied of the Agreed Judgment and interest.

IT IS THEREFORE ORDERED that summary judgment is granted to Plaintiffs.

IT IS FURTHER ORDERED that the Plaintiffs shall present to the Court a judgment with the final amount due and owing within ten days of entry of this Order.

SO ORDERED.