### In re BUCKSHOT HAULERS, INC., Debtor.

### Alex B. Gates, Chapter 7 Trustee for the Estate of Buckshot Haulers, Inc., Plaintiff,

### v.

### United States of America, ex rel., Internal Revenue Service, Defendant.

Bankruptcy No. 98–11729.

Adversary No. 99–1107.

United States Bankruptcy Court, N.D. Mississippi.

Sept. 28, 1999.

Kenneth Coghlan, Oxford, MS, for Alex B. Gates.

Ralph M. Dean, III, Assistant U.S. Attorney, Oxford, MS, for United States Internal Revenue Service.

### ORDER

DAVID W. HOUSTON, III, Bankruptcy Judge.

On consideration before the court is a motion for judgment on the pleadings or, in the alternative, for summary judgment filed by the plaintiff, Alex B. Gates, Chapter 7 trustee for the Estate of Buckshot Haulers, Inc. (trustee); response to said motion having been filed by the defendant, United States of America, ex. rel., Internal Revenue Service (IRS); and the court, having considered same, hereby finds, orders, and adjudicates as follows, to-wit:

## I.

The court has jurisdiction of the subject matter of and the parties to this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(F).

## II.

The trustee has filed his complaint against the IRS seeking to recover three alleged preferential transfers pursuant to 11 U.S.C. § 547(b), which provides as follows:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property-

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made-

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, in such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if-

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

The court has reviewed the pleadings and memoranda submitted by the parties and finds that the following two issues remain in dispute:

1. Whether the transfers were made while the debtor, Buckshot Haulers, Inc., was insolvent; and

2. Whether the transfers enabled the IRS to receive more than it would receive from the actual distributions that will eventually be made by the trustee from the assets comprising this bankruptcy estate.

## III.

Insofar as the subject motion is concerned, the court must consider the facts more strongly in favor of the non-moving party, and more strongly against the moving parties. See, *PYCA Industries, Inc. v. Harrison County Waste Water Management District,* 177 F.3d 351 (5th Cir.1999).

Summary judgment is properly granted when pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Bankruptcy Rule 7056; Uniform Local Bankruptcy Rule 18. As noted hereinabove, the court must examine each issue in a light most favorable to the nonmoving party. *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Phillips v. OKC Corp.,* 812 F.2d 265 (5th Cir.1987); *Putman v. Insurance Co. of North America,* 673 F.Supp. 171 (N.D.Miss.1987). The moving party must demonstrate to the court the basis on which it believes that summary judgment is justified. The nonmoving party must then show that genuine issues of material fact are in dispute. *Celotex Corporation v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Leonard v. Dixie Well Service & Supply, Inc.,* 828 F.2d 291 (5th Cir.1987), *Putman v. Insurance Co. of North America,* 673 F.Supp. 171 (N.D.Miss.1987). A fact is material if it would "affect the outcome of the lawsuit under the governing substantive law." *Phillips,* 812 F.2d at 272.

For reasons which will be specified hereinbelow, the court concludes that there are genuine issues of material fact which re-

main in dispute. Therefore, the motion for judgment on the pleadings or, in the alternative, for summary judgment, must be overruled at this time. Proof must be presented so that the court can weigh the merits of the trustee's complaint, as well as, the defenses postured thereto by the IRS.

## IV.

Insofar as the issue of insolvency is concerned, the court observes that the IRS has filed inconsistent pleadings. The answer filed by the Tax Division of the U.S. Department of Justice on June 8, 1999, denies that the debtor was insolvent when the subject transfers were made, while the answer filed by the Office of the U.S. Attorney for the Northern District of Mississippi on June 10, 1999, admits that the debtor was insolvent. In actuality, the court does not believe that this will be a major issue, particularly since the trustee enjoys the presumption of the debtor's insolvency during the ninety day period immediately preceding the filing of a bankruptcy case, all as set forth in 11 U.S.C. § 547(f). However, for purposes of the motion presently before the court, this must be considered a disputed issue of material fact.

The more significant issue confronting the trustee is the element of the preference test set forth in 11 U.S.C. § 547(b)(5). This requires the trustee to establish that the IRS received more, because of the transfers, than it would ordinarily receive from the actual distributions that the trustee will make when administering the assets of this bankruptcy estate. The IRS has implied that there were "assessments" and "federal tax liens" in place prior to the commencement of the ninety day preference period. Accordingly, the IRS contends that it is a secured creditor, having a lien on the debtor's assets, including the accounts on which it levied. As such, the IRS argues that it did not receive more than it would otherwise be entitled to receive.

Even if the IRS is ultimately found not to be a secured creditor, the court, at this time, cannot determine what it will receive as a result of the priority status of its claim. In his reply, the trustee pointed out that there were unpaid wage claims, as well as, other administrative expense claims that would have a higher priority than the tax claim of the IRS. While this may ultimately be true, the trustee's comment is reminiscent of the "speaking demurrer" of days gone by. Succinctly stated, this is an issue that must be addressed by the presentation of evidence. The IRS is going to be required to substantiate the nature of its claim, whether secured or priority, and the trustee is going to be required to establish that the IRS received, as a result of the three transfers in question, more than it would otherwise have been entitled to receive. Because these material factual issues remain in dispute, the motion for judgment on the pleadings or, in the alternative, for summary judgment is not well taken.

It Is, Therefore, Ordered and Adjudged that the motion for judgment on the pleadings or, in the alternative, for summary judgment, filed by the trustee, is hereby overruled.