In re Curtis BURNS.

**First Family Financial Services, Plaintiff,**

v.

**Curtis Burns, Defendant.**

**Bankruptcy No. 98–14766.
Adversary No. 99–1006.**

United States Bankruptcy Court,
N.D. Mississippi.

Jan. 24, 2000.

Michael W. Boyd, Greenville, MS, for Debtor.

Jeffrey A. Levingston, Cleveland, MS, trustee.

## OPINION

DAVID W. HOUSTON, III, Bankruptcy Judge.

This proceeding comes before the court on a motion for summary judgment filed by First Family Financial Services ("First Family"); and the court, having considered same, hereby finds as follows, to-wit:

### I.

The court has jurisdiction of the subject matter of and the parties to this adversary proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(J).

### II.

First Family seeks a non-dischargeable judgment against the debtor herein, Curtis Burns ("Burns"). The final pre-trial order, approved for entry by the parties and entered by the court on December 10, 1999, provides that the following facts are established by the pleadings, stipulations, or admissions.

The Defendant [hereinafter "Burns"] obtained a loan or other credit from the Plaintiff [hereinafter "First Family"] on May 15, 1997, in the total amount of $10,224.00, including interest. The net payoff for said loan is $5,571.22.

Burns granted First Family a security interest in personal property described more particularly as a 1998 TI Trailer, serial number 1L8T1202X11D57641, a 1990 Alison boat, serial number ALTX1A02A09090FR, and a 1992 Mercury MR6 motor, serial number 0D097249 (hereinafter referred to as the "property").

First Family has perfected its lien in the property in accordance with the laws of the State of Mississippi. Burns filed this bankruptcy petition on October 13, 1998. Burns has neither reaffirmed the debt, redeemed the collateral securing the indebtedness nor abandoned the collateral to First Family. Burns is required to take one of the three alternatives above pursuant to 11 U.S.C. § 541. The debt owed to First Family described herein is excepted from discharge pursuant to 11 U.S.C. § 523. Burns sold or otherwise disposed of the property to a third party prior to the filing of this bankruptcy case. *Burns sold or otherwise disposed of the property to a third party prior to May 15, 1997. Burns admits that the sale or transfer of the property to a third party is within the meaning of the term "actual fraud" for purposes of 11 U.S.C. § 523. Said sale or transfer of the property was done without the permission or knowledge of First Family. The debt of $5,571.22 is excepted from discharge.* (emphasis added)

### III.

In this case, First Family seeks a non-dischargeable judgment against Burns because he sold property which secured his loan obligation to First Family to a third party without the permission of First

Family and without remitting to First Family the proceeds of the sale. The complaint as drafted by First Family appears to seek a non-dischargeable judgment pursuant to the "actual fraud" provisions of 11 U.S.C. § 523(a)(2)(A)[1]. However, the facts of this case better fit a determination of dischargeability based on the "willful and malicious injury" provision of § 523(a)(6). A willful and malicious "injury" includes a willful and malicious "conversion." 3 *Collier on Bankruptcy* ¶ 523.12[1] (15th ed. rev.1999) (citing 124 Cong.Rec. H11,095–6 (daily ed. Sept. 28, 1978); S17,412–13 (daily ed. Oct. 6, 1978)). *See also, Horowitz,* 103 B.R. 786, 790 (Bankr.N.D.Miss.1989), *In re Hendry,* 77 B.R. 85, 90 (Bankr.S.D.Miss.1987).

■ The stipulated facts contained in the pre-trial order provide that Burns "sold or otherwise disposed of the property to a third party prior to the filing of this bankruptcy case." Accordingly, the court finds that the act of selling the property by the debtor was intentional and was, therefore, "willful." In addition, the stipulated facts provide that Burns "admits that the sale or transfer of the property to a third party is within the meaning of the term "actual fraud ..." " Based on this admission, the court finds that the debtor's act of selling the property out of trust was without just cause or excuse and was, therefore, "malicious." Burns either converted the collateral with an intent to injure or with the knowledge that an injury was substantially certain to result, thereby causing the debt to be non-dischargeable pursuant to the dictates of § 523(a)(6), and *Kawaauhau v. Geiger,* 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998).

■ Alternatively, also in keeping with the stipulations, Burns perpetrated an actual fraud against First Family, as a result of the unlawful conversion, and the debt is likewise non-dischargeable under § 523(a)(2).

### IV.

Summary judgment is properly granted when pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Bankruptcy Rule 7056; Uniform Local Bankruptcy Rule 18. The court must examine each issue in a light most favorable to the nonmoving party. *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Phillips v. OKC Corp.,* 812 F.2d 265 (5th Cir.1987); *Putman v. Insurance Co. of North America,* 673 F.Supp. 171 (N.D.Miss.1987). The moving party must demonstrate to the court the basis on which it believes that summary judgment is justified. The nonmoving party must then show that a genuine issue of material fact arises as to that issue. *Celotex Corporation v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Leonard v. Dixie Well Service & Supply, Inc.,* 828 F.2d 291 (5th Cir.1987), *Putman v. Insurance Co. of North America,* 673 F.Supp. 171 (N.D.Miss.1987). An issue is genuine if "there is sufficient evidence favoring the nonmoving party for a fact finder to find for that party." *Phillips,* 812 F.2d at 273. A fact is material if it would "affect the outcome of the lawsuit under the governing substantive law." *Phillips,* 812 F.2d at 272.

---

1. Hereinafter all statutory citations shall be to the U.S. Bankruptcy Code unless otherwise indicated.

444

## V.

Based on the foregoing analysis, the court finds that there are no genuine issues of material fact remaining in dispute in this adversary proceeding, and that First Family is entitled to judgment as a matter of law.