In re Jerry Wayne **FRADY.**

**Jacob C. Pongetti, Trustee for the Estate, Plaintiff,**

v.

**National Bank of Commerce f/k/a First Federal Bank for Savings, Defendant.**

**Bankruptcy No. 99–11610.
Adversary No. 99–1205.**

United States Bankruptcy Court, N.D. Mississippi.

Aug. 30, 2000.

R. Gawyn Mitchell, Columbus, MS, for debtor.

Cynthia E. Daniels, Jacob C. Pongetti, Columbus, MS, for trustee.

D. Andrew Phillips, Oxford, MS, for defendant.

## OPINION

DAVID W. HOUSTON, III, Bankruptcy Judge.

On consideration before the court is a motion for summary judgment filed by the plaintiff, Jacob C. Pongetti, trustee for the bankruptcy estate of Jerry Wayne Frady; a response to said motion having been filed by the defendant, National Bank of Commerce, f/k/a First Federal Bank for Savings; and the court, having considered same, hereby finds as follows, to-wit:

### I.

The court has jurisdiction of the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A), (K), and (O).

### II.

### STATEMENT OF THE FACTS

On October 25, 1996, the debtor, Jerry Wayne Frady (Frady), entered into a loan transaction with First Federal Bank for Savings, the predecessor in interest to the defendant, National Bank of Commerce (hereinafter referred to collectively as NBC), in order to purchase a wrecker. At

the time that the original promissory note was executed, a corporation, Jerry Wayne Frady Auto, Inc., (Frady, Inc.), which was owned exclusively by Frady, was listed as a designated agent for the Mississippi State Tax Commission since it was thought to be a viable automobile dealership. A designated agent, which is defined at § 63–21–5(c), Miss.Code Ann., is an entity that is statutorily authorized to receive and remit applications for motor vehicle certificates of title to the tax commission. As a part of the transaction, Frady executed an application form in multiple capacities purporting to give NBC a lien on the wrecker. Frady signed the application on behalf of the seller, Frady, Inc., on behalf of himself as the purchaser, and on behalf of the purported designated agent, Frady, Inc. NBC apparently assumed that Frady, Inc., would then file the application with the tax commission in order to have a certificate of title issued reflecting NBC's lien. However, the application was never sent to the tax commission, and no official certificate of title was ever issued. In addition, the manufacturer's certificate of origin was not appended to the application, but was retained by NBC in its loan file. On December 24, 1997, the loan was renewed by NBC with Frady signing a second promissory note. NBC took no action to ascertain or verify whether the perfection of its lien had occurred until after Frady filed an individual Chapter 7 bankruptcy case on April 9, 1999, almost 2½ years later.

The plaintiff (referred to hereinafter as trustee) was appointed as trustee of Frady's bankruptcy estate and filed the above captioned adversary proceeding against NBC asserting, pursuant to 11 U.S.C. § 544(a)(1), that NBC's lien was unperfected that its claim was unsecured. In essence, the trustee contends that his hypothetical lien creditor status as of the date of the filing of the bankruptcy petition supercedes the unperfected security interest of the bank. He is claiming for the estate the proceeds realized from the disposition of the wrecker which was sold pursuant to an agreement between the parties.

In its response, NBC argues that its lien on the wrecker was perfected in keeping with the provisions of § 63–21–43(2)(a), Miss.Code Ann., which is set forth fully hereinbelow.

### III.

### *ISSUES BEFORE THE COURT*

For the most part, the material factual issues in this proceeding are not in dispute. Questions of law exist, however, as to whether a valid application for a certificate of title was presented to a "legally" designated agent, Frady, Inc., and whether this act, without the further remittance by Frady, Inc., to the Mississippi State Tax Commission, resulted in the perfection of a lien on the wrecker in favor of NBC.

The first question, i.e., whether there was an effective delivery to a "legally" designated agent, has been challenged by the trustee in the following respects:

1. The application for the certificate of title failed to comply with § 63–21–15(4), Miss.Code Ann., in that the manufacturer's certificate of origin was not appended to the application which is required for a new vehicle. In addition, the manufacturer's certificate of origin was never endorsed to the new owner/applicant, Frady.

2. The application is defective since Frady signed the form as seller, purchaser, and designated agent. The trustee contends that, as a matter of law, a person cannot witness his own signature, and that, therefore, the application violates the pro-

visions of § 63–21–15(5), Miss.Code Ann.

3. Frady, Inc., was not a "legally" designated agent when the application for the certificate of title was executed. The trustee asserts that Frady, Inc., was no longer in business at the time that the application was executed, and, therefore, did not comply with the provisions of §§ 63–21–13(2), 63–21–5(b), and 63–21–5(c), Miss.Code Ann.

Because item No. 1 is dispositive of the application validity issue, it will be discussed hereinbelow. Items No. 2 and No. 3 will not be addressed at this time since they do not impact the court's decision concerning the trustee's motion for summary judgment.

The second question, i.e., can the delivery to Frady, Inc., without the further remittance to the Mississippi State Tax Commission, constitute perfection of a lien on the wrecker, is purely a legal issue involving no factual disputes. This issue will also be discussed hereinbelow.

## IV.

### DISCUSSION

### QUESTION A.

■ The first question that the court will address is whether the application for the certificate of title failed to comply with § 63–21–15(4), Miss.Code Ann., which provides as follows:

If the application is for a new vehicle, it shall contain the certified manufacturer's statement of origin showing proper assignments to the applicant and a copy of each security interest document.

§ 63–21–15(4), Miss.Code Ann.

It is not disputed that the manufacturer's certificate of origin was not appended to the application for the certificate of title.

It was retained by NBC in its loan file. Consequently, even if Frady, Inc., had remitted the application to the tax commission, it would have been rejected and returned. As such, the application delivered to the designated agent was incomplete and invalid.

### QUESTION B.

■ As noted earlier, NBC contends that its lien was perfected pursuant to the provisions of § 63–21–43(2)(a), Miss.Code Ann., which provides as follows:

A security interest is perfected *at the time* the owner signs a security agreement describing the vehicle, the secured party gives value, the owner has rights in the vehicle, and an application for certificate of title signed by the owner is presented to a designated agent. (emphasis supplied)

§ 63–21–43(2)(a), Miss.Code Ann.

In the opinion of this court, § 63–21–43(2)(a) must be read in conjunction with § 63–21–43(2)(b), Miss.Code Ann., which provides as follows:

The designated agent shall deliver to the State Tax Commission the existing certificate of title, if any, an application for a certificate of title containing the name and address of the lien holder and the date of his security agreement, and the required fee, but the security interest will perfect *at the time* the requirements of subsection 2(a) of this section are met. (emphasis supplied)

§ 63–21–43(2)(b), Miss.Code Ann.

Both of the subsections contain the words "at the time" for a reason. In order to obtain perfection of a security interest in a vehicle, the requirements of both of these subsections must be met. Complying with the four elements of subsection (2)(a) does not complete the process. The designated agent must deliver the applica-

tion to the tax commission, as contemplated by subsection (2)(b), and, thereafter, the certificate must be issued.

In this context, the requirements of § 63–21–15(7), Miss.Code Ann., must be considered. This section provides as follows:

> Every designated agent within this state shall, no later than the next business day after they are received by him, forward to the State Tax Commission by mail, postage prepaid, the originals of all applications received by him, together with such evidence of title as may have been delivered to him by the applicants.

§ 63–21–15(7), Miss.Code Ann.

█ As such, if the requirements of both subsection (2)(a) and (2)(b) are met, the lien is considered perfected "at the time" that the application is delivered to the designated agent. Subsection (2)(a) determines the *timing* of perfection when and only if all of the other requirements are met. Succinctly stated, the act of delivering a valid application to a designated agent does not achieve perfection. There still must be the remittance to the tax commission with the subsequent issuance of the certificate of title reflecting the creditor's lien.

In the proceeding before the court, it is undisputed that Frady, Inc., never remitted the application to the tax commission. Therefore, perfection of NBC's lien in this particular vehicle never occurred. Consequently, the trustee's motion for summary judgment is well taken.

## V.

█ In its response to the motion for summary judgment, NBC asserts that the court should invoke its equitable powers, conferred pursuant to 11 U.S.C. § 105(a), to prevent the trustee from unjustly taking priority over NBC's security interest.

While the results in this proceeding might initially appear harsh, NBC could certainly have better protected itself. It failed to verify the status of its security interest until after Frady had filed bankruptcy, almost 2 ½ years after the loan transaction. It also allowed Frady to play the part of the "fox guarding the chicken house." Frady had no burning interest to insure that NBC's lien was properly perfected. It should come as no surprise to anyone that Frady was less than diligent in his statutory duty to remit the application to the tax commission. He had possession and use of an unencumbered vehicle. NBC could have avoided this problem by simply monitoring its own loan file, but it failed to do so. As such, NBC is not entitled to the equitable relief contemplated by § 105(a).

## VI.

Summary judgment is properly granted when pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Bankruptcy Rule 7056; Uniform Local Bankruptcy Rule 18. The court must examine each issue in a light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Phillips v. OKC Corp.*, 812 F.2d 265 (5th Cir.1987); *Putman v. Insurance Co. of North America*, 673 F.Supp. 171 (N.D.Miss.1987). The moving party must demonstrate to the court the basis on which it believes that summary judgment is justified. The nonmoving party must then show that a genuine issue of material fact arises as to that issue. *Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Leonard v. Dixie Well Service & Supply, Inc.*, 828 F.2d 291 (5th Cir.1987), *Putman v. Insurance Co. of North Amer-*

*ica,* 673 F.Supp. 171 (N.D.Miss.1987). An issue is genuine if "there is sufficient evidence favoring the nonmoving party for a fact finder to find for that party." *Phillips,* 812 F.2d at 273. A fact is material if it would "affect the outcome of the lawsuit under the governing substantive law." *Phillips,* 812 F.2d at 272.

## VII.

The court is of the opinion that there are no material facts that remain in dispute in this adversary proceeding. An incomplete and invalid application for a certificate of title was delivered to Frady, Inc., who then failed to remit the application to the tax commission as required by § 63–21–15(7), Miss.Code Ann. Because of these failures, the lien of NBC in the subject wrecker was never perfected. Subparagraphs (2)(a) and (2)(b) of § 63–21–43, Miss.Code Ann., must be read together to fully understand all of the requirements that must be met in order for lien perfection to be achieved. If the requirements of both subsections are met, the timing of the perfection occurs when a valid application is delivered to a designated agent.

An order sustaining the trustee's motion for summary judgment will be entered contemporaneously herewith.