In re Raymond F. AKIN
and Lillie V. Akin.

Henry J. Applewhite, Trustee for the Estate of Raymond F. Akin and Lillie V. Akin, Plaintiff,

v.

Raymond F. Akin, Lillie V. Akin, Robert A. Akin, Karen Angelique Akin Little, Union Planters Bank, N.A., Defendants.

Bankruptcy No. 01–15868.
Adversary No. 03–1282.

United States Bankruptcy Court,
N.D. Mississippi.

March 20, 2007.

---

**61.** *Transpac Drilling Venture v. CIR,* 147 F.3d    221, 228 (2nd Cir.1998).

Henry J. Applewhite, Aberdeen, MS, pro se.

John W. Crowell, Columbus, MS, for Plaintiff/U.S. Trustee.

Raymond F. Akin, Hawkins, TX, pro se.

Lillie V. Akin, Hawkins, TX, pro se.

David Rowe Sparks, Tupelo, MS, A.E. Rusty Harlow, Jr., Grenada, MS, for Defendants.

## OPINION

DAVID W. HOUSTON, III, Bankruptcy Judge.

On consideration before the court is a motion for partial summary judgment filed by the plaintiff, Henry J. Applewhite, Trustee for the Estate of Raymond F. Akin and Lillie V. Akin, ("trustee"); a response thereto having been filed by the defendants, Karen Angelique Akin Little and Robert A. Akin; no response having been filed by the defendant/debtors, Raymond F. Akin and Lillie V. Akin, ("debtors"); and the court, having heard and considered same, hereby finds as follows, to-wit:

### I.

The court has jurisdiction of the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(H).

### II.

The following litany of undisputed facts was proposed by the Trustee and accepted by the defendants, Karen Akin Little and Robert Akin, to-wit:

A. On June 23, 2000, the debtors conveyed real property to their daughter, Karen Akin Little, for no consideration.

B. The debtors reserved a life estate for themselves in the property they conveyed to their daughter.

C. Although the property was encumbered by a mortgage, Karen Akin Little did not assume the debt as consideration for this conveyance.

D. On February 7, 2001, the debtors conveyed real property to their son, Robert Akin, for no consideration.

E. Although the property was encumbered by a mortgage, Robert Akin did not assume the debt as consideration for this conveyance.

F. On September 7, 2001, the debtors executed their bankruptcy petition and schedules which showed they were insolvent.

G. On September 7, 2001, Lillie Akin was the payable on death beneficiary of five (5) certificates of deposit ("CDs") owned by her father, Fred Tucker, which had a total value of $222,084.83, plus interest earned.

H. Lillie Akin assisted her father in the purchase of the CDs and knew that she was the payable on death beneficiary.

I. Lillie Akin's contingent beneficial interest in the CDs was not disclosed in the original or amended bankruptcy petitions and schedules.

J. On September 10, 2001, Fred Tucker died, vesting Lillie Akin with ownership of the CDs.

K. On September 12, 2001, Lillie Akin redeemed the CDs and received a check from Union Planters Bank in the amount of $226,807.95.

L. On September 12, 2001, with the knowledge and assistance of Myra Conwill, a Union Planters account service representative, Lillie Akin used the proceeds of the CD check to open two bank accounts in the amount of $100,000.00 each, one in the name of her daughter, Karen Akin Little, and the other in the name of her son, Robert Akin.

M. On October 4, 2001, the debtors filed their petition for relief under Chapter 7 of the United States Bankruptcy Code.

N. Lillie Akin received no consideration from either of her children for the money deposited in their accounts.

O. The debtors were insolvent at the time Lillie Akin transferred the CD proceeds to her children.

## III.

Summary judgment is properly granted when pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Bankruptcy Rule 7056; Uniform Local Bankruptcy Rule 18. The court must examine each issue in a light most favorable to the nonmoving party. *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Phillips v. OKC Corp.,* 812 F.2d 265 (5th Cir.1987); *Putman v. Insurance Co. of North America,* 673 F.Supp. 171 (N.D.Miss.1987). The moving party must demonstrate to the court the basis on which it believes that summary judgment is justified. The nonmoving party must then show that a genuine issue of material fact arises as to that issue. *Celotex Corporation v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Leonard v. Dixie Well Service & Supply, Inc.,* 828 F.2d 291 (5th Cir.1987), *Putman v. Insurance Co. of North America,* 673 F.Supp. 171 (N.D.Miss.1987). An issue is genuine if "there is sufficient evidence favoring the nonmoving party for a fact finder to find for that party." *Phillips,* 812 F.2d at 273. A fact is material if it would "affect the outcome of the lawsuit under the governing substantive law." *Phillips,* 812 F.2d at 272.

## IV.

11 U.S.C. § 548(a)[1] states in pertinent part as follows:

**1.** Hereinafter, all Code sections cited in this opinion will be considered sections of the

(1) The trustee may avoid any transfer of an interest of the debtor in property . . . that was made . . . within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily

(A) made such transfer . . . with actual intent to hinder, delay or defraud any entity to which the debtor was or became, on or after the date that such transfer was made . . . indebted; or

(B)(i) received less than a reasonably equivalent value in exchange for such transfer . . . and

(ii) (I) was insolvent on the date that such transfer was made . . .

In this proceeding, the trustee seeks to avoid the two transfers of the CD proceeds into the separate bank accounts opened in the names of Karen Akin Little and Robert Akin in the total sum of $200,000.00. From the undisputed facts, the court is of the opinion that these transfers could likely be avoided under § 548(a)(1)(A), which would require the trustee to prove that Lillie Akin made the transfers with the actual intent to hinder, delay, or defraud her creditors. Not only do these two transfers potentially violate the aforementioned section of the Bankruptcy Code, they also could violate § 15–3–107, Miss. Code Ann. (2006). Notwithstanding, in order to resolve this proceeding, the court sees no necessity to consider § 548(a)(1)(A), but will focus exclusively on § 548(a)(1)(B), which does not require proof of an actual intent to defraud.

The transfers of the parcels of real property from the debtors to their children are not being pursued by the trustee. They are noted by the trustee to demonstrate the motive and disposition of Lillie Akin to divert assets prior to filing bankruptcy. This is further substantiated by the fact that both debtors failed to disclose the transfers of any of these assets in their bankruptcy petitions and schedules.

Section 548(a)(1)(B) allows a trustee, acting for the benefit of the bankruptcy estate, to avoid transfers, made within one year of the filing of a bankruptcy petition, for less than reasonably equivalent value if they were made at a time when the debtor transferor was insolvent. Lillie Akin transferred $200,000.00 within the proscribed period for absolutely no consideration while she was admittedly insolvent. Consequently, each of the elements required by § 548(a)(1)(B) has been established through the undisputed facts set forth hereinabove.

Since the prohibited transfers of the CD proceeds were made to the debtors' two children, the trustee seeks recovery of the amounts of these transfers from the children pursuant to § 550(a)(1) which provides as follows:

[T]o the extent that a transfer is avoided under section . . . 548 . . . of this title, the trustee may recover, for the benefit of the estate, the property transferred, or if the court so orders, the value of such property, from—

(1) the initial transferee of such transfer . . .

### V.

In their response, the defendant children, Karen Akin Little and Robert Akin, assert that there are genuine material issues of fact in dispute regarding fraud, but they misunderstand the law. The undisputed facts indicate that Lillie Akin obviously violated § 548(a)(1)(B) by voluntarily transferring her interest in the CD proceeds within one year before she filed her bankruptcy petition and received less than reasonably equivalent value in exchange for the transfers. As such, the

United States Bankruptcy Code unless specifically noted otherwise.

transfers to the bank accounts opened for the defendant children are avoidable regardless of whether there was actual fraud perpetrated. To rectify the prohibited transfers, the trustee is permitted to utilize § 550(a)(1) to recover the value of the transfers from the initial transferees, Karen Akin Little and Robert Akin, regardless of their knowledge of or participation in the transfers.

■ Karen Akin Little and Robert Akin acknowledge that the funds were delivered to them by their mother, but in an attempt to create a factual dispute, they assert that the funds were delivered to them in furtherance of a promise of inheritance made to them by their grandfather, Fred Tucker. The court, however, is of the opinion that this does not create a disputed issue of material fact.

The designation set forth on the face of the CDs controls the manner by which they must be paid. A certificate of deposit is a negotiable instrument as defined by the Uniform Commercial Code. Section 75–3–104, Miss.Code Ann., specifically provides as follows, to-wit:

> (a) Except as provided in subsections (c) and (d), "negotiable instrument" means an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it:
>
> > (1) Is payable to bearer or to order at the time it is issued or first comes into possession of a holder;
> >
> > (2) Is payable on demand or at a definite time; and
> >
> > (3) Does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or order may contain (i) an undertaking or power to give, maintain, or protect collateral to secure payment, (ii) an authorization or power to the holder to confess

judgment or realize on or dispose of collateral, or (iii) a waiver of the benefit of any law intended for the advantage or protection of an obligor ...

The payable on death beneficiary of Fred Tucker's CDs was Lillie Akin. This is clear and unambiguous. If Fred Tucker had wanted to leave his grandchildren, Karen Akin Little and Robert Akin, an inheritance of $100,000.00 each, he should have done so in a more prudent manner, such as by simply designating them as the beneficiaries on the CDs.

Section 81–5–63, Miss.Code Ann., which speaks directly to this issue, is set forth in pertinent part as follows:

> When a deposit has been made or is hereafter made in the name of two (2) or more persons, payable to any one (1) of those persons, or payable to any one (1) of those persons or the survivor, or payable to any one(1) of those persons or to the survivor or survivors, or payable to the persons as joint tenants, the deposit or any part thereof or interest or dividends thereon may be paid to any one (1) of those persons, without liability whether one or more of those persons is living or not, and the receipt of acquittance of the person so paid shall be a valid and sufficient release and discharge to the bank for any payment so made. The making of a deposit in that form, or the making of additions thereto, shall create a presumption in any action or proceeding to which either the bank or any survivor is a party of the intention of all the persons named on the deposit to vest title to the deposit and the additions thereto and all interest or dividends thereon in the survivor or survivors.... The term "deposit" as used in this section shall include, but not be limited to, any form of deposit or account, such as a savings account, checking account, time deposit, demand de-

posit or certificate of deposit, whether negotiable, nonnegotiable or otherwise.

The Mississippi Supreme Court has squarely addressed this issue in two recent decisions, *Estate of Stamper*, 607 So.2d 1141 (1992), and *In re Will of Dunn*, 784 So.2d 935 (2001). Notably, the *Dunn* opinion offered the following insight, to-wit:

> ... We recently held, "[c]ommon law directs that, where we find survivorship clauses in the name of the account itself, in the signature cards, or in a joint account agreement, we enforce them according to their tenor." *Estate of Cannon*, 733 So.2d 245, 250 (Miss.1999) (citations omitted). "Where the language of a legal text is without gross ambiguity, neither parol testimony nor other extrinsic evidence are admissible to show meaning." *Cooper v. Crabb*, 587 So.2d at 241. "The general rule followed by this Court appears to be that 'where a joint tenancy account in a bank is made payable to either depositor or survivor, the account passes to the survivor upon death of the joint tenant' " *Estate of Huddleston*, 755 So.2d 435, 439 (Miss.Ct. App.1999) (citing *Strange v. Strange*, 548 So.2d 1323, 1327 (Miss.1989)).

784 So.2d 935 at 942.

According to § 81–5–63, Miss.Code Ann., as construed by the Mississippi Supreme Court in the aforesaid decisions, the CDs owned by Fred Tucker vested exclusively in the designated beneficiary, Lillie Akin, at his death. Karen Akin Little and Robert Akin cannot now re-write or modify the named beneficiary on the CDs by asserting that their grandfather made a verbal promise to leave them an inheritance. Consequently, they are liable to the trustee for the value of the proceeds from the CDs that were transferred to them by their mother for no consideration.

## CONCLUSION

Based upon the foregoing, this court concludes that there are no genuine issues of material fact remaining in dispute. The proceeds from Fred Tucker's CDs became vested exclusively in the debtor, Lillie Akin, following his death. The transfers of these proceeds to the defendants, Karen Akin Little and Robert Akin, were made within one year preceding the filing of Lillie Akin's petition for bankruptcy relief. Both Lillie Akin and Raymond Akin were insolvent at the time of the transfers. The transfers were made for less than reasonably equivalent value. Consequently, all of the elements required by § 548(a)(1)(B) have been established by the undisputed facts, and the trustee is entitled to summary judgment against the defendants, Karen Akin Little and Robert Akin, pursuant to the provision of § 550(a)(1), for the value of the proceeds of the CDs transferred to them by Lillie Akin.

A separate judgment shall be entered contemporaneously herewith consistent with this opinion.